Sheryl GARCIA, as next friend of
Rocky Hilliard, a minor
child, Appellant,

v.

Pablo MIRELES, Appellee.

No. 07–98–0359–CV.

Court of Appeals of Texas,
Amarillo.

March 27, 2000.

**840**

John Lesly, Amarillo, for appellant.

Herman Jesko, Jason Lynch, Amarillo, for appellee.

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

PHIL JOHNSON, Justice.

Appellant Sheryl Garcia, as Next Friend of Rocky Hilliard, appeals from an order dismissing her suit against appellee Pablo Mireles. Appellant asserts error by two issues: 1) dismissal of the case was not justified by failure of appellant and her attorney to attend a court-ordered mediation; and 2) the trial court's order failed to state any factual basis for good cause to impose the sanctions. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Rocky Hilliard, a minor, was injured in an automobile-pedestrian accident on May 21, 1995. Appellant filed a personal injury suit as next friend of Rocky on November 8, 1996.[1] On January 14, 1998, appellant filed a motion requesting the trial court to refer the case for mediation. The motion stated that sufficient discovery had been performed for the parties to evaluate their respective positions, and that the case was appropriate for mediation. The trial court granted the motion on January 14, 1998, and entered an Order of Referral for Mediation. The order specified that counsel and at least one person with final settlement authority were required to attend the mediation, in person, on behalf of each party. Mediation was originally scheduled for March 11, 1998, rescheduled at the request of appellant's counsel for May 28, 1998, and again rescheduled at the request of appellant's counsel for June 17, 1998.

Prior to the scheduled June 17th mediation date, appellant's counsel once again requested postponement of the mediation, which request was refused by counsel for appellee. Counsel for appellee and a representative of appellee's insurer appeared for the mediation as scheduled, but neither appellant nor counsel for appellant attended. Appellee filed a Motion to Dismiss and for Sanctions on June 22, 1998. The

---

1. The clerk's record on appeal is abbreviated. Our factual summary is derived from the clerk's record before us and the statements of facts in the briefs of the parties, as neither appellant nor appellee have contested the underlying facts as recited in the briefs. *See* Tex.R.App. P. 38.1(f).

motion, among other matters, alleged that on June 15, 1998, a paralegal from the offices of appellant's counsel requested re-scheduling of the mediation because an expert's report had not been received (but the expert was not identified nor was the subject matter of the report disclosed), and that counsel for appellee refused to reschedule absent some further reason to delay the court-ordered mediation. The motion further alleged that (1) on June 16, 1998, the mediator's office confirmed the mediation date with appellee's counsel's office, (2) when the mediator, counsel for appellee, and appellee's insurance representative met on June 17th at the scheduled time and place for the mediation, no one attended on behalf of appellant, and (3) when appellant's counsel's office was contacted, the information was communicated that no one would be attending the mediation on behalf of appellant. The mediator's report in the clerk's record confirms that no one attended the scheduled mediation on behalf of appellant. The motion requested relief based on appellant's violation of the court's mediation order, delay of the mediation without notice, and delay in prosecution of the case. The appellate record does not evidence any activity in the suit from the time appellee filed his motion to dismiss in June until the court heard the motion in October, 1998.

The trial court held a hearing on appellee's motion on October 1, 1998. An attorney who had not been previously involved with the case appeared on appellant's behalf and acknowledged the factual history which led to appellee's motion. Counsel in attendance for appellant had no personal knowledge of the events preceding the June 17th mediation date, although he stated that "... they were waiting on the expert's report." Appellant's counsel represented to the trial court that he was prepared to proceed with mediation and would comply with whatever orders the

court entered. No evidence was presented at the hearing.

The trial court dismissed the case and assessed attorney's fees against appellant's counsel.[2] The order did not recite a basis for the trial court's action other than "... the Court is of the opinion that Defendant's Motion to Dismiss and for Sanctions is well-founded, and that this cause should be dismissed and that reasonable attorney's fees ... should be assessed against ... counsel for Plaintiff." Neither party requested findings of fact or conclusions of law, and none were filed.

Appellant argues in her first issue that death penalty sanctions were not justified by her failure to attend the court-ordered mediation. She asserts that the record does not show the trial court considered any lesser sanctions more fitting to her conduct than dismissal of her suit, as is required by *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991), and *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844 (Tex.1992). By her second issue appellant relies on the provisions of Texas Rule of Civil Procedure 13[3] to assert that the trial court erred in failing to state the factual bases for good cause on which it relied in imposing sanctions against her.

Appellee counters by denying that the dismissal was a discovery sanction as addressed by the *TransAmerican* and *Chrysler* cases. Appellee urges that the dismissal and sanctions were options properly available to the trial court under its inherent power to control its docket, and under TRCP 165a. Appellee refers us to *Koslow's v. Mackie*, 796 S.W.2d 700 (Tex. 1990), and *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628 (Tex. 1999), to support the trial court's action. In response to appellant's second issue, appellee claims that the issue was not pre-

---

2. Appellant does not assert on appeal that the trial court erred in assessing attorney's fees against her counsel. We do not address the question.

3. Tex.R. Civ. P. 13. Hereafter, a rule of civil procedure will be referenced as "TRCP_".

served for review, and that in any event, the trial court did not act pursuant to TRCP 13 and thus appellant's claim of error is misplaced.

## STANDARD OF REVIEW

Imposing an available sanction is left to the sound discretion of the trial court. *Koslow's v. Mackie*, 796 S.W.2d at 704. A trial court's action in dismissing a lawsuit will not be reversed on appeal unless the trial court clearly abused its discretion. *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex.1976); *F.D.I.C. v. Kendrick*, 897 S.W.2d 476, 479 (Tex.App.— Amarillo 1995, no writ). The trial court abuses its discretion if it acts without reference to any guiding rules and principles, or if its action is arbitrary or unreasonable under all the circumstances of the particular case. *Koslow's*, 796 S.W.2d at 704. The circumstances of the case include the reasons for the allegedly offensive actions which are offered and proved by the offending person or which are established by the record of the case. *Id.*

## LAW

When the record does not contain findings of fact or conclusions of law, and the order of dismissal does not specify the reason for dismissal, the dismissal will be affirmed if it was proper under any legal theory supported by the record. *Maida v. Fire Ins. Exchange*, 990 S.W.2d 836, 839–40 (Tex.App.—Fort Worth 1999, no pet.). If the trial court's order is ambiguous, a reviewing appellate court adopts the construction that correctly applies the law. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex.1997). It is presumed on appeal that the action of the trial court was justified, and the burden of proof is on the party asserting an abuse of discretion by the court. *Kendrick*, 897 S.W.2d at 479.

The trial court's authority to dismiss a case for want of prosecution arises from two sources: (1) TRCP 165a, and (2) the court's inherent power. *Villarreal*, 994 S.W.2d at 630. TRCP 165a(1) expressly authorizes dismissal of a case for failure of a party seeking affirmative relief to appear for any hearing or trial of which the party had notice, and TRCP 165a(2) expressly authorizes dismissal when a case is not disposed of within the time standards promulgated by the Texas Supreme Court. *Id.* Independent of its express authority under TRCP 165a, the trial court has inherent power under the common law to dismiss a case when the plaintiff fails to prosecute that case with due diligence. *Id.* Each basis for the trial court's authority is independent and cumulative of the other bases. *See* TRCP 165a(4); *Veterans' Land Bd.*, 543 S.W.2d at 90. Sanctions for failure to obey an order must always be appropriate to the circumstances of the case. *Koslow's*, 796 S.W.2d at 703–04 n. 1. The conclusion that disobeyance of its order was willful or consciously indifferent is sufficient basis for the trial court to impose the ultimate sanction of dismissing the case or striking pleadings and rendering judgment by default. *Id.* at 704 n. 2. The trial court is entitled to consider the entire history of the case in exercising its discretion as to dismissal. *State v. Rotello*, 671 S.W.2d 507, 509 (Tex.1984); *Kendrick*, 897 S.W.2d at 479. A party's assertion at a dismissal hearing that it is ready and willing to obey future orders or is ready to try the case does not preclude dismissal of the case by the trial court if the history of the case justifies dismissal. *Moore v. Armour & Co., Inc.*, 748 S.W.2d 327, 330–31 (Tex. App.—Amarillo 1988, no writ).

## ANALYSIS

Mediation was ordered by the trial court pursuant to appellant's representation in her motion for referral to mediation that sufficient discovery had occurred for the parties to evaluate their respective positions and that referral for mediation was appropriate. The mediator's report to the court stated that appellant and her counsel failed to appear for the scheduled mediation. Appellant presented no evidence at the hearing on appellee's motion

to dismiss. A motion to reinstate the case was not filed. *See* TRCP 165a (3), (4).

Appellee's motion for dismissal and sanctions does not allege an abuse of discovery procedures by appellant or her counsel. The order of dismissal and sanctions grants appellee's motion without stating its basis. We discern no language in the order which could be interpreted as assessment of sanctions for discovery abuse. We conclude that the trial court's order of dismissal and for sanctions was not based upon discovery abuse, but was based on either its inherent power to control its docket, or its authority to dismiss under TRCP 165a. Since the sanctions were not ordered for discovery abuse, we review the trial court's action relying on the guidance of *Koslow's* and *Villarreal.*

Based on the record before us, the trial court could have found that appellant's disobedience of his order was willful or done with conscious indifference. Given such a record, the sanction imposed by the trial court is not inappropriate. *Koslow's,* 796 S.W.2d at 704 n. 2. We conclude that the trial court did not abuse the discretion accorded it pursuant to its inherent power to control its docket. Thus, we overrule appellant's first issue. Because we overrule appellant's first issue on the basis that the trial court did not abuse the discretion it has pursuant to its inherent powers, we need not and do not address whether the sanctions imposed would have been appropriate under TRCP 165a.

By her second issue, appellant asserts that the trial court did not comply with TRCP 13 because its order dismissing her case and assessing sanctions did not set out the factual bases for the sanctions. TRCP 13, however, addresses the filing of pleadings and papers which are groundless and brought in bad faith, groundless and brought for the purpose of harassment, or fictious or false filings. Appellee's motion for dismissal and sanctions does not allege a violation of TRCP 13 by appellant or her counsel. As we have noted previously, the order of dismissal and sanctions grants appellee's motion without stating the reason for granting the motion. The language of the order does not give any indication that sanctions were imposed pursuant to TRCP 13. We conclude that the trial court's order of dismissal and for sanctions was not entered under provisions of TRCP 13. The requirements of TRCP 13 as to content of an order assessing sanctions do not apply to the order under consideration.

Additionally, appellant has not preserved error for appellate review on her second issue. Appellant references no part of the record where the alleged defect in the trial court's sanctions order is brought to the attention of the trial court. *See* Tex.R.App. P. 33.1(a); Tex.R.App. P. 38.1(f), (h). Nor does the record show that appellant requested findings of fact and conclusions of law. *See* TRCP 296. Even if the trial court's sanctions had been based on TRCP 13, appellant did not preserve error for review. Tex.R.App. P. 33.1(a). We overrule appellant's second issue.

The judgment of the trial court is affirmed.