TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00393-CV






Thomas H. Pollard, Appellant



v.



Pamela Kay O'Neal Pollard, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 172,934-B, HONORABLE RICK MORRIS, JUDGE PRESIDING






 Thomas Pollard appeals from the trial court order dismissing his suit for divorce
for want of prosecution.(1) We affirm the trial court judgment.

 Mr. Pollard filed this cause in December 1998. The trial court sent a notice
(appellant has not included a copy in the record) in March 2000. Based on the description in
appellant's brief, the notice informed him that, at the least, he had to file a motion concerning
mediation under the Family Code or face dismissal. Appellant responded in April 2000. Pollard's
response, although labeled as reasons why mediation was inappropriate, principally was directed
to requesting a default judgment. From the record before the Court, it does not appear that
Pollard secured service on his wife by any method, nor, as far as we can ascertain, attempted to
secure service. No activity occurred in the case between its filing and the court-prompted
response.

 The decision to dismiss a case for want of prosecution rests within the sound
discretion of the trial court, and can be disturbed on review only if it amounted to a clear abuse
of discretion. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997); State v. Rotello, 671 S.W.2d
507, 508-09 (Tex. 1984); Coleman v. Lynaugh, 934 S.W.2d 837, 838 (Tex. App.--Houston [1st
Dist.] 1996, no writ). A trial court abuses its discretion when it acts in an arbitrary and
unreasonable manner, or when it acts without reference to any guiding principles. Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985). If the trial court's order dismissing a case for want of
prosecution does not specify a particular reason for the dismissal, the appellate court will affirm
if any proper ground supports the dismissal. Shook v. Gilmore & Tatge Mfg. Co., 951 S.W.2d
294, 296 (Tex. App.--Waco 1997, pet. denied); City of Houston v. Thomas, 838 S.W.2d. 296,
297 (Tex. App.--Houston [1st Dist.] 1992, no writ).

 When deciding whether to dismiss a case for want of prosecution, the court may
consider the amount of activity in the case, the length of time the case was on file, requests for a
trial date, and the existence of reasonable excuses for delay. Bilnoski v. Pizza Inn, Inc. 858
S.W.2d 55, 56 (Tex. App.--Houston [14th Dist.] 1993, no writ); see City of Houston, 838 S.W.2d 
at 298 (not abuse of discretion to dismiss case for want of prosecution when only activity in one
year since case filed was filing of petition and request for service; service not achieved and no
evidence showing diligence in attempting service). Recent activity in a case is not necessarily
enough to defeat a dismissal for want of prosecution; the court may consider the entire history of
the case in exercising its discretion. Garcia v. Mireles, 14 S.W.3d 839, 842 (Tex.
App.--Amarillo 2000, no pet.); Rotello, 671 S.W.2d at 509. A pro se litigant must prosecute his
case with diligence. Coleman, 934 S.W.2d at 838.(2)

 The burden of proof rests upon a litigant asserting an abuse of discretion because
the appellate court presumes that the trial court's action was justified. Hosey v. County of
Victoria, 832 S.W.2d 701, 704 (Tex. App.--Corpus Christi 1992, no writ); Fulmer v. Barfield,
480 S.W.2d 413, 415 (Tex. Civ. App.--Tyler 1972, writ dism'd w.o.j.). The party requesting
reinstatement has the burden to bring forward a record showing reasons for reinstatement. Shook,
951 S.W.2d at 296; Kenley v. Quintana Petroleum Corp., 931 S.W.2d 318, 321 (Tex. App.--San
Antonio 1996, writ denied). Although a motion to reinstate is not required for appeal, it may be
used to develop facts not otherwise in the record. Maida v. Fire Ins. Exchange, 990 S.W.2d 836,
838 n.1 (Tex. App.--Fort Worth 1999, no pet.); Hosey, 832 S.W.2d at 703.

 The party who requests citation is responsible for obtaining service of the citation
and a copy of the petition. Tex. R. Civ. P. 99(a). This rule applies to pro se litigants. See
Johnson v. McLean, 630 S.W.2d 790, 793 (Tex. App.--Houston [1st Dist.] 1982, no writ). 
Pollard asserts in his brief that he cannot find his wife; however, the record contains no evidence
of any attempt to do so. There is no evidence that he has attempted service by alternate means. 
For example, he could have requested that the clerk send service registered or certified mail to the
last known address he had for his wife, had it returned with proof it could not be delivered, and
then moved the court for citation by publication. Tex. R. Civ. P. 106(a)(2), 109.

 Given the length of time the case was on file with no service or evidence of
diligence in attempting to secure service, and no other activity, the court was within its discretion
to dismiss for want of prosecution. Such a dismissal is without prejudice; Pollard may refile the
case. Accordingly, we affirm the trial court's order of dismissal.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: November 30, 2000

Do Not Publish


1. Although at one point in his brief Pollard refers to the standard of review for dismissing a
cause as frivolous, there is no indication anywhere in the judgment or the record that the suit was
dismissed for other than want of prosecution. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West Supp. 2000) (procedures for inmate litigation). Further, chapter fourteen does not
apply to suits brought under the Family Code. Id. § 14.002(b).
2. Pro se litigants are not excused from complying with applicable rules of procedure: 
"Neither is it [the right of self-representation] a license not to comply with the relevant rules of
procedural and substantive law." Faretta v. California, 422 U.S. 806, 834 n.46 (1975). As stated
by the Texas Supreme Court:


There cannot be two sets of procedural rules, one for litigants with counsel and the
other for litigants representing themselves. Litigants who represent themselves must
comply with the applicable procedural rules, or else they would be given an unfair
advantage over litigants represented by counsel.


Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978);Chandler v. Chandler, 991
S.W.2d 367, 378-79 (Tex. App.--El Paso 1999, pet. denied), cert. denied, 120 S. Ct. 1557 (April
3, 2000).



.--Houston [1st Dist.] 1992, no writ).

 When deciding whether to dismiss a case for want of prosecution, the court may
consider the amount of activity in the case, the length of time the case was on file, requests for a
trial date, and the existence of reasonable excuses for delay. Bilnoski v. Pizza Inn, Inc. 858
S.W.2d 55, 56 (Tex. App.--Houston [14th Dist.] 1993, no writ); see City of Houston, 838 S.W.2d 
at 298 (not abuse of discretion to dismiss case for want of prosecution when only activity in one
year since case filed was filing of petition and request for service; service not achieved and no
evidence showing diligence in attempting service). Recent activity in a case is not necessarily
enough to defeat a dismissal for want of prosecution; the court may consider the entire history of
the case in exercising its discretion. Garcia v. Mireles, 14 S.W.3d 839, 842 (Tex.
App.--Amarillo 2000, no pet.); Rotello, 671 S.W.2d at 509. A pro se litigant must prosecute his
case with diligence. Coleman, 934 S.W.2d at 838.(2)

 The burden of proof rests upon a litigant asserting an abuse of discretion because
the appellate court presumes that the trial court's action was justified. Hosey v. County of
Victoria, 832 S.W.2d 701, 704 (Tex. App.--Corpus Christi 1992, no writ); Fulmer v. Barfield,
480 S.W.2d 413, 415 (Tex. Civ. App.--Tyler 1972, writ dism'd w.o.j.). The party requesting
reinstatement has the burden to bring forward a record showing reasons for reinstatement. Shook,
951 S.W.2d at 296; Kenley v. Quintana Petroleum Corp., 931 S.W.2d 318, 321 (Tex. App.--San
Antonio 1996, writ denied). Although a motion