Affirmed and Opinion filed May 9, 2002









Affirmed and Opinion filed May 9, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00381-CV

____________

 

A. E. JOHNSON, Appellant

 

V.

 

MAJED ELAYYAN, d/b/a CONCORD AUTO TOWING, a/k/a MAJED WRECKER
SERVICE a/k/a A+ DISCOUNT TOWING, et al.,
Appellees

 



 

On
Appeal from the County Civil Court at Law No. 4

Harris County, Texas

Trial
Court Cause No. 720,840

 



 

O
P I N I O N

Appellant
appeals a judgment entered against him in his suit for fraud, negligence, and
false and misleading acts.  In eight
points of error, appellant contends the trial court erred in refusing to rule
on his discovery motions, granting the defendant=s motion, and dismissing his case with prejudice for failure to
appear at the mediation.  We affirm.








Appellant
filed suit against appellee for fraud, negligence,
false and misleading acts, and injury to his mobile home.  Appellant alleged in his lawsuit that appellee agreed to tow his mobile home for $75.00.  In the process of towing the mobile home,
appellant alleges the driver damaged the mobile home.  Appellant also alleged misrepresentation in
that appellee quoted a price of $75.00, but
ultimately charged him $350.00.  Appellee
filed a counterclaim alleging appellant=s lawsuit was frivolous and requesting attorney=s
fees.

The
trial court ordered the parties to mediation and notified them on August 21,
2000 that mediation was scheduled for September 11, 2000.  Because appellant failed to appear at the
court-ordered mediation, the trial judge dismissed appellant=s
suit for want of prosecution.  The trial
court further found appellant=s lawsuit was groundless and ordered appellant to pay appellee=s attorney=s fees.

In
his first two points of error, appellant contends the trial court erred in
refusing to rule on his discovery motions. 
The record before this court contains several requests for discovery
filed by appellant, but no objection to the trial court=s
refusal to rule on the motions.  To
preserve error on appeal, appellant must show that the trial court ruled on the
request, objection, or motion, or refused to rule and the complaining party
objected to the refusal.  Tex. R. App. P. 33.1.  Because appellant has not shown that he
objected to the trial court=s refusal to rule, appellant has failed to preserve error.  Appellant=s first two points of error are overruled.








In
his third and fourth points of error, appellant claims the trial court erred in
ordering the case to mediation.  Section
154.002 of the Texas Civil Practice and Remedies Code expresses the general
policy that peaceable resolution of disputes is to be encouraged through
voluntary settlement procedures.  Tex. Civ. Prac. & Rem. Code Ann.
'
154.002 (Vernon 1997).  Courts are
admonished to carry out this policy.  Id.
' 154.003.  A court cannot force the disputants to
peaceably resolve their differences, but it can compel them to sit down with
each other.  Decker v. Lindsay,
824 S.W.2d 247, 250 (Tex. App.CHouston [1st Dist.] 1992, no writ).  If a
party files a written objection to the trial court=s
referral to mediation and there is a reasonable basis for the objection, the
court may not refer the dispute to mediation.  Tex. Civ. Prac. & Rem. Code Ann. ' 154.022(c).  Here, the
record does not reflect any objection to the court=s
mediation order until after the court=s dismissal.  Because the
trial court properly ordered mediation and there was no timely objection on a
reasonable basis, appellant=s third and fourth points of error are overruled.

In
his remaining points of error, appellant complains of the trial court=s
dismissal for want of prosecution.  The
trial court=s authority to dismiss a case for want of prosecution arises
from two sources:  (1) Texas Rule of
Civil Procedure 165a, and (2) the court=s inherent power.  Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999).  Rule 165a(1) expressly authorizes dismissal
of a case for failure of a party seeking affirmative relief to appear for any
hearing or trial of which the party had notice, and Rule 165a(2) expressly
authorizes dismissal when a case is not disposed of within the time standards
promulgated by the Texas Supreme Court. 
Independent of its express authority under Rule 165a, the trial court
has inherent power under the common law to dismiss a case when the plaintiff
fails to prosecute the case with due diligence. 
Villarreal, 994 S.W.2d
at 630.  The conclusion that disobeyance of its order was willful or consciously
indifferent is sufficient basis for the trial court to impose the ultimate
sanction of dismissing the case or striking pleadings and rendering judgment by
default.  Koslow=s
v. Mackie, 796 S.W.2d
700, 704 (Tex. 1990).  A trial court=s action in dismissing a lawsuit will not be reversed on appeal
unless the trial court clearly abused its discretion.  Veterans= Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976).  The trial court is entitled to consider the
entire history of the case in exercising its discretion as to dismissal.  State v. Rotello, 671 S.W.2d
507, 509 (Tex. 1984).

A
party must be provided with notice and an opportunity to be heard before a
court may dismiss a case for want of prosecution.  Tex.
R. Civ. P. 165a.  The mediation order states:








The mediation session hereby ordered shall constitute a Ahearing@
for purposes of Tex. R. Civ. P. 165a.  if any
party seeking affirmative relief in this case fails to appear at the mediation
hereby ordered, this shall constitute notice that the
court will dismiss that party=s affirmative claims for want of
prosecution on the first day of the week this case is set for trial, without
further notice.  Any other party or counsel who fails to appear at the mediation
hereby ordered may be held in contempt of Court.

 

Appellant
failed to appear at the court-ordered mediation and subsequently failed to
appear when the case was called for trial. 
Because appellant received sufficient notice that his failure to appear
would cause his case to be dismissed, the trial court did not abuse its
discretion in dismissing the case for want of prosecution.  See Garcia v. Mireles,
14 S.W.3d 839, 843 (Tex. App.CAmarillo 2000, no pet.) (sanction of dismissal
upheld for failure to appear at court-ordered mediation).  Appellant=s fifth through eighth points of error are
overruled.

The
judgment of the trial court is affirmed.

 

 

/s/        Wanda McKee Fowler

Justice

 

Judgment rendered and Opinion filed May 9,
2002.

Panel consists of Justices Hudson, Fowler,
and Edelman.

Do Not Publish C
Tex. R. App. P. 47.3(b).