Aaron **SHERMAN**, Sherman Capital, Inc., Paula G. Sherman, Peter B. Sherman, Joseph L. Sherman, Thomas D. Sherman, Robert C. Black, Individually and as Trustee of the Robert C. Black Trust, Alex B. Black, Jane K. Black, and Mr. and Mrs. W.H. McGraw, Appellants,

v.

**TRITON ENERGY CORP.**, Triton Energy Limited, Thomas G. Finck, and Peter Rugg, Appellees.

No. 05–02–01125–CV.

Court of Appeals of Texas, Dallas.

Nov. 24, 2003.

Rehearing Overruled Feb. 2, 2004.

---

T.F. Weiss, Daniel O. Goforth, The Weiss Law Firm, Houston, for appellants.

Debra Janece Mccomas, Noel M. Hensley, Carrie L. Huff, W. Alan Wright, Haynes & Boone, LLP, Dallas, for appellees.

Before Justices WRIGHT, FITZGERALD, and LANG.

## OPINION

Opinion by Justice LANG.

This is an appeal from the trial court's dismissal of appellants' claims. Aaron Sherman and Robert C. Black are Triton shareholders who actively monitored their investments and communicated individually with Triton officers and other financial professionals regarding Triton. We refer to Sherman, along with Sherman Capital,

Inc., and Robert C. Black, individually and as trustee of the Robert C. Black Trust, as "the Sherman and Black parties." Paula G. Sherman, Peter B. Sherman, Joseph L. Sherman, Thomas D. Sherman, Alex B. Black, Jane K. Black, and Mr. and Mrs. W.H. McGraw are relatives of Sherman or Black and received their information about Triton from the company as shareholders or from Sherman or Black. We refer to these appellants as "the Relatives."

Triton Energy Corporation is incorporated under the laws of Texas with its principal place of business in Dallas County. In 1996, following a reorganization, it became a wholly owned subsidiary of Triton Energy Limited, which is incorporated under the laws of the Cayman Islands, with its principal place of business in Texas. These companies are oil and gas exploration companies with interests in worldwide oil and gas properties, particularly in Colombia and the Gulf of Thailand. Thomas G. Finck and Peter Rugg were officers of Triton. We refer to appellees as "Triton."

In four issues, appellants claim their pleadings complied with the orders on special exceptions; summary judgment was improper because their pleadings were sufficient; the trial court did not allow them to conduct discovery; and the trial court abused its discretion in granting Triton's motions for sanctions and dismissing this case. For the reasons described below, we affirm in part and reverse in part the trial court's judgment and remand for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1999, appellants filed suit against Triton, asserting fraud and negligent misrepresentation. In their original petition, appellants alleged that Finck and Rugg made management decisions after 1995 that decreased the value of their stock. Specifically, appellants alleged that they had to pay a tax on the appreciation of their stock when Triton formed the Cayman Islands company in 1996. Appellants also alleged that Triton's executives announced that there were several buyers interested in acquiring Triton's properties. Based on Triton's information and statements regarding a sale, appellants held their stock and bought additional shares. However, according to appellants, Triton's management did not make a serious effort to sell the assets. On July 17, 1998, Triton announced that there were no bids for the entire company, but that part of its business interest would be sold at a "fire sale" price. Finck resigned the same day, the price of Triton stock fell, and the company wrote off assets. Appellants sold their stock at a loss after the July 17 announcement.

Appellants also alleged that Triton misrepresented the conditions under which it would sell any assets, the value of the oil and gas properties, and the company's financial condition, including the writeoff of assets. Appellants claimed they would have sold their stock before the July 17 announcement if Triton had not made misrepresentations. They alleged they suffered damages represented by the difference between the losses they incurred when they sold their stock and the position they would have been in if they had sold their shares before July 17 with full and truthful information from Triton.

In response to the original petition, Triton filed a motion to dismiss and special exceptions. Triton contended that the claims were derivative and the alleged misrepresentations and reliance were not specifically pleaded. The trial court sustained the special exceptions and ordered appellants to amend their petition. Appellants filed a first amended petition, in which

they alleged that they would not have purchased additional Triton stock after March 30, 1998, and would not have held all their stock until July 17, 1998, if they had known that the representations were false. They alleged as damages the losses sustained when they sold their shares after July 17. Also, they asserted, as additional causes of action, violations of section 27.01 of the Texas Business and Commerce Code and article 581–33 of the Texas Revised Civil Statutes. However, appellants did not allege any claims related to the Cayman Islands reorganization. Triton filed a supplement to the motion to dismiss and special exceptions directed to the first amended petition.

Following a hearing, the trial court dismissed the Relatives' claims. As to the Sherman and Black parties, the trial court (1) dismissed their claims for common-law fraud and negligent misrepresentation as derivative claims that could not be asserted individually by these appellants, and (2) as to the statutory securities fraud causes of action, sustained the special exceptions and ordered these appellants to amend their pleadings to allege specifically the dates on which each party purchased and sold Triton shares.

The Sherman and Black parties subsequently filed second, third, and fourth amended petitions. In the fourth amended petition, they reasserted all previous causes of action. This petition specifically alleged that (1) Triton misrepresented the company's operations and profit potential by misrepresenting the production capacity in Colombia and the likelihood of a gas contract in Thailand; (2) these parties bought Triton shares anticipating profits from the development of the properties and business opportunities or from the sale of the company or its assets; (3) Triton knowingly and recklessly misrepresented the company's financial condition

and progress on the development of the overseas properties; and (4) the parties would not have bought shares had they known the truth about the company and sold shares at a loss. The fourth amended petition also alleged that Sherman relied on misrepresentations regarding the tax benefits of the Cayman Islands reorganization and was harmed when his shares were exchanged for shares in the new company and the tax benefits did not materialize. Additionally, this petition included charts, labeled Exhibits A–1 and B–1, showing the dates stocks were purchased and sold. The individual misrepresentations relied on for the purchases were set out in charts that were attached and labeled Exhibits A–2 and B–2. Exhibits A related to Sherman's transactions, and Exhibits B related to Black's transactions. The trial court permitted Triton to conduct limited "contention discovery," but stayed discovery otherwise.

On January 10, 2001, Triton filed a "renewed motion to dismiss, special exceptions and, alternatively, motion for summary judgment" (the Renewed Motion). The Sherman and Black parties responded to the Renewed Motion. Filed with the response were the affidavit of Aaron Sherman and the affidavit of Robert C. Black, which also included a revised Exhibit B–1. On February 13, 2001, Triton filed "an amended motion for sanctions" directed to the Sherman and Black parties' filing of the revised Exhibit B–1 (the February 13 sanctions motion). The Sherman and Black parties subsequently filed another revised Exhibit B–1. On March 12, 2001, Triton filed a "motion to strike plaintiffs' untimely attempt to amend and second motion for sanctions" (the March 12 sanctions motion). In that motion, Triton complained of the attempt to amend the fourth amended petition with a second revision of Exhibit B–1. The Sherman and Black parties did not file a written response to

either the February 13 or March 12 motion for sanctions.

On June 3, 2002, the trial court conducted a hearing at which the Renewed Motion and the February 13 and March 12 sanctions motions were argued. After the hearing, the trial court issued a final judgment that "granted all of [Triton's] relief including special exceptions and summary judgment" and dismissed all claims. The trial court's judgment ruled: (1) the fourth amended pleading failed to comply with prior orders on special exceptions and failed to cure deficiencies in pleadings; (2) all claims failed as a matter of law for specific reasons urged in Triton's Renewed Motion; and (3) the claims related to the Cayman Islands reorganization were not actionable for reasons specifically enumerated in the final judgment. Also included in the judgment were the trial court's rulings that granted both of the sanctions motions and sustained Triton's objection to appellants' summary judgment evidence. On appeal, appellants challenge this judgment and attack the enumerated reasons for the dismissal of their claims.

## DISMISSAL OF FOURTH AMENDED PETITION

In their original brief, the Sherman and Black parties brought two issues regarding the dismissal of the claims they asserted in the fourth amended petition: the trial court erred in dismissing their fourth amended petition for failure to state a valid cause of action under Texas law, and the trial court erred in granting appellees' motion for summary judgment without allowing the Sherman and Black parties any written or oral discovery. In their brief, appellees argued that the final judgment should be affirmed on an independent ground not challenged by the Sherman and Black parties on appeal. Specifically, appellees argue the judgment could be affirmed based upon the trial court's granting of the sanctions motions, which requested dismissal as a sanction for disregarding the trial court's orders on special exceptions, discovery, and scheduling, and which the trial court granted in the final judgment. See *Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77, 83 (Tex.1977) (judgment must be affirmed if appellant does not challenge each separate and independent ground of recovery). In their reply brief, the Sherman and Black parties responded to appellees' argument and asserted that the final judgment contradicted the trial court's oral pronouncements regarding the sanctions motion.

Before submission, the Sherman and Black parties requested and were granted leave to file a supplemental brief in which they raised a fourth issue directed to the granting of the motions for sanctions by the trial court. In their fourth issue, the Sherman and Black parties contend that the trial court abused its discretion if it, in fact, granted Triton's motions for sanctions and dismissed the case as a result. First, they argue that the motions for sanctions were based on their alleged failure to comply with the trial court's orders on special exceptions, and all arguments they made regarding dismissal based upon the alleged failure to comply with the trial court's orders granting special exceptions apply to any sanction granted. Second, they argue that the trial court had no legal basis for dismissing the fourth amended petition other than failure to comply with the orders granting special exceptions.

Because we granted the Sherman and Black parties leave to file the supplemental brief, we reject Triton's arguments that the judgment must be affirmed for failure to challenge on appeal Triton's two sanctions motions that the trial court granted in the final judgment. See TEX.R.APP. P. 38.7 (providing that a brief may be supple-

mented whenever justice requires, on whatever reasonable terms the court may prescribe). Thus, we consider the merits of the Sherman and Black parties' arguments directed to the granting of the sanctions motions and dismissal of the fourth amended petition. However, as set out below, we cannot agree with the assertions of the Sherman and Black parties in this regard.

The February 13 sanctions motion was directed to the Sherman and Black parties' filing of Black's affidavit and exhibit with the response to the Renewed Motion. The exhibit, which was attached to the affidavit, corrected the original Exhibit B–1, which was attached to the fourth amended petition, and, in addition, listed the amounts the Black parties claimed as damages. In the February 13 sanctions motion, Triton contended the affidavit was filed beyond the filing deadline set by the court for the fourth amended petition and the revised exhibit contained allegations of securities purchases and sales not included in the previous exhibit and abandoned other allegations of securities purchases asserted previously. As sanctions, Triton requested that the court strike references to abandoned claims, bar recovery on fact allegations in the revised exhibit, dismiss the case with prejudice for failure to properly plead any claim against Triton and for disregarding court orders, and award attorney's fees incurred in responding to the fourth amended petition and in discovery.

The March 12 sanctions motion was directed to the filing of the second revised exhibit, filed, according to the Sherman and Black parties, to correct accounting errors in the previous Exhibit B–1. In the March 12 sanctions motion, Triton requested that the trial court strike the revised exhibit, dismiss the suit with prejudice because the revised exhibit was an admission that the fourth amended petition

was defective, and award attorney's fees. The Sherman and Black parties did not file any written response to either the February 13 or the March 12 sanctions motion.

On June 3, 2002, the trial court held a hearing on several motions, including the two sanctions motions. By oral pronouncement, the trial court granted the March 12 sanctions motion by striking the revised exhibits, but overruled the February 13 sanctions motion by allowing the Sherman and Black parties to file the Black affidavit. At the conclusion of the hearing, the trial court announced this reservation regarding his oral pronouncement: "I'm going to give the Sherman and Black affidavits one last review before I make my final decision." However, the final judgment signed by the trial court specifically granted both motions for sanctions, struck the Black affidavit, and states that the claims failed as a matter of law because the Sherman and Black parties abandoned claims in their "arguments and evidence" submitted in response to the renewed motion.

We review a trial judge's imposition of sanctions for an abuse of discretion. *Response Time, Inc. v. Sterling Commerce (N. Am.), Inc.*, 95 S.W.3d 656, 659 (Tex. App.-Dallas 2002, no pet.) (citing *Trans-American Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991)). In so doing, we review the entire record, including the evidence, arguments of counsel, written discovery on file, and the circumstances surrounding the party's discovery abuse. *Id.*

In our review, we consider first the Sherman and Black parties' argument that, at the hearing, the trial court did not mention dismissal of the fourth amended petition based on either motion for sanctions. They contend that the trial court denied the February 13 sanctions motion, thus including the Black affidavit in the

record. They argue that the final judgment "contradicted" the trial court's earlier pronouncement regarding the February 13 sanctions motion, specifically by granting the February 13 sanctions motion in the final judgment and striking the Black affidavit from the record. Nevertheless, the record does not show that the Sherman and Black parties sought to call the trial court's attention to any "contradiction" between the final judgment and the oral pronouncement, such as by filing any motions requesting the court to clarify the final judgment, to reconsider the final judgment in light of its earlier pronouncement on the motions for sanctions, or to file findings of facts or conclusions of law. *See IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 442 (Tex.1997) (noting when judgment is rendered as sanction for discovery abuse, findings for imposing sanctions may be "helpful" and use is encouraged but not required, citing *Trans-American*, 811 S.W.2d at 919 n. 9); *Garcia v. Mireles*, 14 S.W.3d 839, 843 (Tex.App.-Amarillo 2000, no pet.) (concluding any alleged error in failing to set out factual bases for sanctions not preserved for review when appellant failed to bring alleged defect in order to trial court's attention or request findings of fact and conclusions of law).

■ Even assuming the trial court, at the hearing, made an oral pronouncement denying the motions for sanctions as to dismissal, the final judgment shows that the trial court granted the motions for sanctions without any reservation as to grounds. Certainly, when pronounced in open court, the trial court's order was "rendered." However, since neither the Sherman and Black parties, nor the court, sought to modify the terms of the final judgment, the written final judgment prevails over the prior oral pronouncement. *Borden, Inc. v. Valdez*, 773 S.W.2d 718,

720 (Tex.App.-Corpus Christi 1989, no writ).

■ It is without question that the Sherman and Black parties have failed to preserve their argument on appeal that the final judgment contradicted the trial court's oral pronouncement on the motions for sanctions by failing to raise it in the trial court. *See* TEX.R.APP. P. 33.1; *Garcia*, 14 S.W.3d at 843; *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 755 (Tex. App.-Dallas 1993, no writ) (discussing waiver of complaint that dismissal was not appropriate sanction by failing to raise issue in trial court); *see also IKB Indus. (Nigeria) Ltd.*, 938 S.W.2d at 442 (discussing helpfulness of findings in death penalty sanctions cases to show why trial court imposed sanctions). Accordingly, we conclude that the terms of the trial court's final judgment prevailed over the prior oral pronouncements.

■ Second, we consider the Sherman and Black parties' argument that there was no legal basis for dismissal of the fourth amended petition other than their failure to comply with the court's orders granting Triton's special exceptions. Specifically, the Sherman and Black parties argue that section 21.001(a) of the government code, on which Triton relied in its February 13 sanctions motion, does not provide a legal basis for dismissal. However, section 21.001(a) provides for the "inherent power and duty of courts" as follows: "A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction." TEX. GOV'T CODE ANN. § 21.001(a) (Vernon Supp.2004). In fact, section 21.001(a) empowers a trial court to strike a party's pleadings and enter judgment for the opposing party in response to a party's repeated noncompliance with the trial

court's orders. *Woodall v. Clark*, 802 S.W.2d 415, 418 (Tex.App.-Beaumont 1991, no writ). Therefore, even though the case law is not substantial on this point, we cannot agree that section 21.001(a) provides no legal basis for dismissal for noncompliance with a trial court's orders.

Next, the Sherman and Black parties contend that cases cited by Triton in the February 13 sanctions motion set forth no "authority" for the trial court's dismissal of the fourth amended petition under the circumstances before the trial court. We note that the cases cited by Triton instruct that a trial court has authority to dismiss a case for discovery abuse or failure to comply with its pretrial orders. *See Koslow's v. Mackie*, 796 S.W.2d 700 (Tex.1990); *Garcia v. Mireles*, 14 S.W.3d 839 (Tex. App.-Amarillo 2000, no pet.); *Jefa Co. v. Mustang Tractor & Equip. Co.*, 868 S.W.2d 905 (Tex.App.-Houston [14th Dist.] 1994, writ denied); *McConnell v. Mem'l Constr. Co.*, 821 S.W.2d 166 (Tex.App.-Houston [1st Dist.] 1991, writ denied). Also, we note that Triton's motions for sanctions urged dismissal for failure to comply with the trial court's pleading deadlines and scheduling order by attempting to amend the fourth amended petition after the pleading deadlines, after the Sherman and Black parties told the court that they would stand on the fourth amended pleading, and after Triton had conducted the "contention discovery" permitted by the trial court. Although not having filed a response to the motions for sanctions, the Sherman and Black parties argued at the hearing on the motions that the filing of the revised exhibits was not an attempt to amend, but was merely a correction to deposition answers and not a violation of the trial court's order.

In resolving the merits of the Sherman and Black parties' assertion that the trial court lacks "authority" to order dismissal, it is crucial to observe and evaluate what they have *not* argued. First, they do not argue on appeal how the circumstances in *Koslow's* and the other cases are distinguishable from the circumstances here. All they assert is that the cases are distinguishable. Second, they do not argue on appeal that their conduct did not warrant "death penalty" sanctions. Third, they make no argument that the trial court abused its discretion in ordering sanctions which exceed the limitations on its power to impose death penalty sanctions under these circumstances. *See Response Time, Inc.*, 95 S.W.3d at 660 (noting sanctions must bear direct relationship to offensive conduct, must not be excessive, must be imposed after less severe sanctions are considered, and must justify presumption that offending party's claims or defenses lack merit) (citing *TransAmerican*, 811 S.W.2d at 917–18). The sole argument by the Sherman and Black parties is that the trial court did not have the "authority" to dismiss the case based upon the *Koslow's* line of cases. Consequently, we conclude that the Sherman and Black parties have not preserved any issue as to the appropriateness of death penalty sanctions under these circumstances. Further, we conclude that, if not authorized under section 21.001(a), the trial court had the "authority" under the *Koslow's* line of cases to render a judgment dismissing the fourth amended petition.

Our final step in review of the dismissal is the Sherman and Black parties' argument that Triton's motions for sanctions were simply "reiterating" Triton's previous motions to dismiss and that the arguments challenging the granting of the special exceptions apply to any sanction granted for failure to comply with the orders on special exceptions. We cannot agree. Failure to comply with orders on special exceptions is an additional ground

for dismissal raised by Triton in its motions for sanctions that is separate and distinct from the trial court's action in granting the dismissal as set out in the final judgment.

For the reasons set out above, we resolve the fourth issue against the Sherman and Black parties. Because of our disposition of the fourth issue, we need not address the Sherman and Black parties' first and second issues.

### DISMISSAL OF CLAIMS ASSERTED IN THE FIRST AMENDED PETITION

In the third issue, the Relatives argue that the trial court erred in dismissing their claims.

 First, we address Triton's argument that the Relatives waived their complaint as to the dismissal order because they do not assign error to the granting of special exceptions as required by *Cole v. Hall,* 864 S.W.2d 563 (Tex.App.-Dallas 1993, writ dism'd w.o.j.) (en banc). In *Cole,* this Court held that the controlling issue in a case where the trial court sustained special exceptions and dismissed the cause of action following the appellant's failure to amend is the propriety of the trial court's ruling sustaining the special exceptions. *Id.* at 566. Here, the Relatives filed their first amended petition after the trial court sustained Triton's special exceptions directed to the previous pleadings. Thus, they did not fail to amend. If special exceptions are sustained, the pleader may amend to meet the exception or decline to amend and test on appeal the validity of the trial court's rulings on the special exceptions. *Bader v. Cox,* 701 S.W.2d 677, 686 (Tex.App.-Dallas 1985, writ ref'd n.r.e.). Because the Relatives amended their petition in response to the trial court's order and do not attack on appeal the propriety of the trial court's order on special exceptions, they have

waived any complaint as to the order on special exceptions. *See id.* However, they have not waived their complaint that the trial court erred in dismissing their claims on the grounds that the first amended petition did not plead "causes of action cognizable in law." Triton's assertion that the Relatives waived their complaint on appeal, pursuant to *Cole,* as to the dismissal is decided adversely to Triton.

The trial court sustained Triton's special exceptions to the original petition and ordered the Relatives to replead "as to derivative nature of claims and vagueness of alleged fraud and misrep[resentation]." In response to the filing of the first amended petition, Triton filed a supplement in support of the motion to dismiss and special exceptions. Triton contended that the trial court ordered appellants to provide specific misrepresentations as to each appellant individually and argued that the Relatives "elected not to replead *any* specific alleged misrepresentations that were allegedly directed to them individually by *any* Defendant." Appellee, Triton, also argued that the fraud and negligent misrepresentation claims were derivative, not individual, claims because they alleged diminution in the value of shares. The May 3, 2000 order granting Triton's motion to dismiss the Relatives' first amended petition states that they "did not replead with causes of action cognizable in law in response to the Court's prior order granting [Triton's] special exceptions." We construe this statement in the order as indicating that the Relatives' first amended petition was dismissed for failure to comply with the trial court's original order on special exceptions.

 The Relatives argue that the first amended petition addressed the special exceptions and dismissal was clearly erroneous. In reviewing the trial court's

order of dismissal upon special exceptions, the appellate court is required to accept as true all the material factual allegations and all factual statements reasonably inferred from the allegations set forth in the pleading. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 240 (Tex.1994). The trial court's ruling is reviewed for an abuse of discretion. *Holt v. Reprod. Servs., Inc.*, 946 S.W.2d 602, 604 (Tex.App.-Corpus Christi 1997, writ denied).

■ The Relatives argue that the first amended petition addresses and repleads as required by the trial court's order as to the special exceptions because it (1) alleged that Triton misrepresented to all shareholders that financial markets had undervalued Triton's stock, there were potential buyers for the entire company or its major assets, and the company was in good financial condition, and (2) alleged Triton made certain specific misrepresentations to Aaron Sherman and Robert C. Black individually. After review of the pleadings and the trial court's orders, we conclude that the first amended petition complied with the order on special exceptions regarding vagueness. Thus, the trial court abused its discretion in dismissing the first amended petition on vagueness grounds.

■ The Relatives argue that they alleged four causes of action cognizable under Texas law. In the first amended petition, they alleged that they had suffered economic damages by purchasing Triton stock after March 30, 1998, in reliance on specific misrepresentations and then sold their stock after the July 17, 1998 announcement and suffered losses. Under these facts, they contend they alleged fraud,[1] negligent misrepresentation,[2] and statutory securities fraud violations.[3] We conclude that the first amended petition pleads causes of action that an individual could bring. Whether the Relatives can prove each element of their individual claims is not the proper subject of special exceptions, and dismissal on those grounds is improper. *See Travelers Indem. Corp. v. Holt Mach. Co.*, 554 S.W.2d 12, 15 (Tex.

---

1. *See Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 723 (Tex.1990) (stating elements of fraud: (1) a material representation was made; (2) the representation was false; (3) when the representation was made the speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) the speaker made the representation with the intent that it should be acted upon by the party; (5) the party acted in reliance upon the representation; and (6) the party thereby suffered injury).

2. *See First Interstate Bank of Tex., N.A. v. S.B.F.I., Inc.*, 830 S.W.2d 239, 245 (Tex.App.-Dallas 1992, no writ) (stating elements of negligent misrepresentation: (1) the representation is made by the defendant in the course of its business or in a transaction in which it has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation).

3. *See* TEX. BUS. & COM.CODE ANN. § 27.01(a)(1) (Vernon 2002) (providing that fraud in a transaction involving stock in a corporation may consist of a false representation of a past or existing material fact, when the false representation is (A) made to a person for the purpose of inducing that person to enter into a contract; and (B) relied on by that person in entering into that contract); *Nicholas v. Crocker*, 687 S.W.2d 365, 368 (Tex.App.-Tyler 1984, writ ref'd n.r.e.) (stating article 581–33 renders defendant liable to plaintiff if defendant sells a security "by means of an untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made not misleading...." and construing statute to mean that, for the plaintiff/buyer to prevail, he must introduce evidence that the untrue statements relate to the security purchased and induced the purchase of security; citing REV. TEX. CIV. STATS. ANN. art 581–33 (Vernon Supp.2004)).

Civ.App.-El Paso 1977, no writ) ("Where an exception, or motion as in this case, goes outside the record and sets up a matter which requires proof, it is by its very nature a 'speaking demurrer,' which is not a valid pleading under our rules."). Therefore, the trial court abused its discretion in dismissing the Relatives' claims as stated in the first amended petition for failure to comply with the trial court's order on special exceptions on "derivative" grounds. We resolve the third issue in the Relatives' favor.

## CONCLUSION

Because we resolved the fourth issue adversely to the Sherman and Black parties, we affirm the trial court's final judgment as it relates to their claims. Having resolved the third issue in the Relatives' favor, we reverse the trial court's May 26, 2000 order dismissing the Relatives' claims and remand those claims for further proceedings.