COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

IN THE INTEREST OF N.T.H.

§

§

§

§

§

No. 08-10-00021-CV

Appeal from the

9th District Court

of Montgomery County, Texas

(TC# 06-09-09220-CV)

## O P I N I O N

This is an appeal from an order overruling a motion to reinstate a case after dismissal for want of prosecution. Appellants, Michael LaPaul Gobert and Lance C.L. Black, representing the interests of N.T.H., a minor child, raise one issue contending that the trial court abused its discretion by not granting its motion to reinstate. We affirm.

## BACKGROUND

N.T.H.'s mother owned a tract of land located in Montgomery County, Texas. On August 15, 2005, N.T.H.'s mother conveyed a deed to Appellee, Craig Bush, leaving him her property. In return, N.T.H.'s mother received no consideration from Appellee for the conveyance.

On September 21, 2006, Appellants filed suit to rescind and cancel the deed, alleging that the deed was void as N.T.H.'s mother was mentally ill at the time of the conveyance and therefore lacked the mental capacity to "execute, acknowledge and deliver the deed" to Appellee. Appellee filed a general denial on November 22, 2006. Two-and-a-half years later, on April 22, 2009, the trial court issued a docket control order. That order set the case for trial for October 5, 2009, and instructed both parties to: (1) complete discovery 45 days before trial; (2) file an agreement for

mediation stating the name of an agreed mediator and the date of the same, 30 days before trial; (3) file motions for continuance or settlement 20 days before trial; (4) file a list of exhibits, witnesses and depositions; and (5) attend a pretrial hearing on October 2, 2009, and file any proposed jury questions by that date. The docket control order further stated that failure to attend "PRE-TRIAL" may result in case dismissal. Following the court's order, Appellants never filed an agreement to mediate, a motion for continuance or settlement, or a list of exhibits, witnesses or depositions. Nor does the record reflect that discovery was completed. However, the record does show that Appellants failed to attend the scheduled pretrial hearing and the trial. Consequently, on October 14, 2009, the trial court ordered the case dismissed for want of prosecution. Subsequently, Appellants filed a motion to reinstate the case, alleging that counsel's failure to attend pretrial and trial was due to his participation in a criminal case on October 2, 2009, and October 5, 2009. The trial court denied the motion.

## DISCUSSION

In a single issue, Appellants contend that the trial court abused its discretion by denying their motion to reinstate after dismissal for want of prosecution. Specifically, they contend that counsel's failure to appear at the pretrial hearing and later at trial "was not intentional or the result of conscious indifference because he was in trial on a murder case . . . ." However, in reviewing the entire history of the case, we discern no abuse of discretion in the trial court's denial of their motion to reinstate.

### Standard of Review

We review the trial court's denial of a motion to reinstate for an abuse of discretion. *Herrera v. Rivera*, 281 S.W.3d 1, 8 (Tex. App. – El Paso 2005, no pet.). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex.

1985).

To determine whether a denial of a motion to reinstate constitutes an abuse of discretion, we look to whether a party prosecuted its case with due diligence. *Herrera*, 281 S.W.3d at 8. When reviewing whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *Bilnoski v. Pizza Inn, Inc.,* 858 S.W.2d 55, 58 (Tex. App. – Houston [14th Dist.] 1993, no pet.).

*Analysis*

In this instance, Appellants argue that counsel's inability to attend the pretrial hearing and trial was due to a scheduling conflict. Specifically, counsel alleges that he was not able to appear because he was at jury selection and trial in another court, defending a murder case. Thus, Appellants conclude that counsel's failure to appear was neither intentional nor the result of conscious indifference. *See* TEX. R. CIV. P. 165a(3) (providing for reinstatement of the case upon finding "that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained").

However, in considering the entire history of the case, including, but not limited to, the length of time the case was on file, the extent of activity in the case, whether a trial setting had been arranged, and whether reasonable excuses for delay existed in order to determine whether Appellants' counsel was diligent in prosecuting its case, we note that: (1) this case was originally filed in September 2006, and had been on file for over three years at the time it was scheduled to go to trial; (2) there was no dispute that counsel received notice of the pretrial hearing and trial setting;

(3) the docket control order irrefutably stated that failure to attend pretrial may result in dismissal of the case; and (4) prior to the trial setting, counsel failed to file any pretrial motions within stated deadlines and failed to provide witness and deposition lists, proposed jury questions, or a list of discovery exhibits as required by the control order. Appellants provide no explanation for these omissions. Although they represent that counsel gave a reasonable explanation or excuse for his failure to appear for the pretrial hearing and trial, the record reflects that no motion for continuance was timely filed pursuant to the court's docket control order or that the judge was ever informed of the scheduling conflict. Appellants have failed to cite, and we have been unable to locate any case law stating that the trial court abused its discretion by denying Appellants' motion for reinstatement under similar circumstances. Based on these facts we cannot conclude Appellants were diligent in prosecuting the case. After carefully reviewing the entire record, we find no abuse of discretion in the trial court's denial of the motion for reinstatement after dismissal for want of prosecution. *See Fox v. Wardy,* 234 S.W.3d 30, 33 (Tex. App. – El Paso 2007, pet. dism'd w.o.j.) (dismissal upheld for failure to appear at pretrial); *Garcia v. Mireles*, 14 S.W.3d 839, 843 (Tex. App. – Amarillo 2000, no pet.) (dismissal upheld for failure to appear at court-ordered mediation); *Shook v. Gilmore & Tatge Mfg. Co.*, 951 S.W.2d 294, 298 (Tex. App. – Waco 1997, writ denied) (dismissal upheld for failure to appear due to the breakdown of a good calendaring system). Accordingly, Appellants' sole issue is overruled.

## CONCLUSION

Having overruled Appellants' issue, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

October 6, 2010

Before Chew, C.J., McClure, and Rivera, JJ.