**Affirmed and Memorandum Opinion filed May 30, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00872-CV

## KAMAL S. KADI, Appellant

## V.

## NEW TECH ENGINEERING, LP, Appellee

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1000742**

## M E M O R A N D U M   O P I N I O N

Appellant Kamal S. Kadi appeals the dismissal of his suit against appellee New Tech Engineering. We affirm.

### Background

On September 14, 2011, Kadi filed a pro se original petition seeking declaratory judgment. According to his petition, Kadi was hired by New Tech

Engineering ("New Tech") to do work for the account of Occidental Oil Company. The work was to be performed in Abu Dhabi in the United Arab Emirates. According to Kadi, New Tech promised it would help him and his family move to Abu Dhabi, and obtain visas and transportation. When Kadi and his family arrived in Abu Dhabi, his wife and children were not permitted to remain in the country with him. He also encountered difficulties with transportation to and from work. Although he specifically sought declaratory judgment, Kadi also sought a money judgment for the amounts he spent in travel, transportation, and lodging while in Abu Dhabi.

On November 28, 2011, New Tech answered Kadi's petition, and requested disclosure of all information required by Texas Rule of Civil Procedure 194.2. On April 18, 2012, New Tech amended its answer, and alleged that Kadi had been paid in full for the work performed and his travel expenses. On July 5, 2012, New Tech filed a motion to compel discovery. By the motion, New Tech alleged Kadi's failure to answer or adequately answer not only the Request for Disclosure from November, 2011, but also New Tech's Interrogatories, Request for Production and Request for Admissions served April 18, 2011. New Tech attached its discovery requests and Kadi's responses. The trial court granted New Tech's motion to compel on July 11, 2012. By that order, the trial court ordered Kadi to respond to the discovery outlined within fifteen days, but declined to deem the admissions against him "at this time."

Kadi filed a "Response to Defendant's Order on Defendant's Motion to Comply Discovery" on July 23, 2012. By that pleading Kadi urged that he had already responded to the discovery; reiterated the merits of his case against New Tech; and further informed the court that "[i]t is clear that Defendant is animated by ignorance and greed because it has been holding Plaintiff's money without

2

remorse; and particularly now clouding this lawsuit by filing documents in bad faith, frivolously and with irrelevance." Kadi did not supply any further answers to the dicovery as ordered.

On August 8, 2012, New Tech filed a motion to strike Kadi's pleadings because Kadi failed to comply with the court's March 15, 2012 order of referral to mediation, and failed to comply with the court's July 11, 2012 order compelling discovery. On August 14, 2012, the trial court ordered Kadi's pleadings stricken and ordered him to pay $1,700.00 to New Tech in fees and for the mediation cancellation fee paid by New Tech. On the same day, New Tech filed a motion to dismiss and set the motion for a hearing on August 21, 2012. New Tech, in its motion, alleged:

> The Court having stricken the pleadings of Kamal Kadi, Plaintiff, Newtech Engineering, LP moves to dismiss this case with prejudice, taxing costs to Plaintiff.

On August 21, 2012, the trial court dismissed the suit with prejudice. Kadi appeals from the dismissal.

In his brief filed on appeal, Kadi argues the trial court "completely disregarded the thrust of the original petition," and permitted New Tech to file "irrelevant documents." Kadi appears to continue to pursue the merits of his original petition. He does not allege he did not receive notice of New Tech's filings including its motion to dismiss.

New Tech argues that the dismissal and sanctions were options properly available to the trial court under its inherent power to control its docket, and under Texas Rule of Civil Procedure 165a. Rule 165a permits dismissal for want of prosecution on the failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. *See Villarreal v. San Antonio Truck*

*& Equip.*, 994 S.W.2d 628 (Tex. 1999) and *Koslow's v. Mackie*, 796 S.W.2d 700 (Tex. 1990).

STANDARD OF REVIEW

A trial court's action in dismissing a lawsuit will not be reversed on appeal unless the trial court clearly abused its discretion. *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976). The trial court abuses its discretion if it acts without reference to any guiding rules and principles, or if its action is arbitrary or unreasonable under all the circumstances of the particular case. *Koslow's*, 796 S.W.2d at 704. The circumstances of the case include the reasons for the allegedly offensive actions which are offered and proved by the offending person or which are established by the record of the case. *Id.*

When the record does not contain findings of fact or conclusions of law, and the order of dismissal does not specify the reason for dismissal, the dismissal will be affirmed if it was proper under any legal theory supported by the record. *Garcia v. Mireles*, 14 S.W.3d 839, 842 (Tex. App.—Amarillo 2000, no pet.). It is presumed on appeal that the action of the trial court was justified, and the burden of proof is on the party asserting an abuse of discretion by the court. *Id.*

The trial court's authority to dismiss a case for want of prosecution arises from Rule 165a and the court's inherent power. *Villarreal*, 994 S.W.2d at 630. Rule 165a(1) expressly authorizes dismissal of a case for failure of a party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Tex. R. Civ. P. 165a. Independent of its express authority under Rule 165a, the trial court has inherent power under the common law to dismiss a case when the plaintiff fails to prosecute the case with due diligence. *Id.* Each basis for the trial court's authority is independent and cumulative of the other bases. *See* Tex. R. Civ. P. 165a(4); *Veterans' Land Bd.*, 543 S.W.2d at 90. Sanctions for failure to

4

obey an order must always be appropriate to the circumstances of the case. *Koslow's*, 796 S.W.2d at 703–04 n. 1. The trial court is entitled to consider the entire history of the case in exercising its discretion as to dismissal. *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984).

## ANALYSIS

The trial court ordered the parties to mediation, ordered Kadi to comply with discovery, and set a hearing on a motion Kadi claimed to have filed. Kadi did not appear for mediation or the hearing set on his motion. Kadi further failed to comply with the trial court's order on discovery. A motion to reinstate the case was not filed. *See* Tex. R. Civ. P. 165a(3), (4). Based on the record before us, the trial court could have concluded that Kadi did not prosecute his case with due diligence.

When an unreasonable delay in the prosecution of a case occurs, it is presumed that the case has been abandoned. *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 57 (Tex. App.—Houston [14th Dist.1993, no writ). If the plaintiff does not provide a sufficient explanation for delay, the presumption of abandonment is conclusive and the court shall dismiss. *Id.* The central issue here is whether Kadi exercised due diligence in prosecuting his case. *See id.*

The record reflects that the trial court dismissed Kadi's suit almost one year after it was filed. Six months after suit was filed, the trial court ordered the parties to mediation. Kadi did not appear for mediation. The trial court ordered Kadi to comply with discovery, but Kadi did not comply. The record does not reflect any excuse for Kadi's failure to appear for mediation as ordered. The record reflects Kadi's refusal to comply with the court's discovery order because he considered his petition meritorious, his discovery responses adequate, and New Tech's refusal to pay his claims as demanded to be in bad faith. Based on the record before us,

we conclude the trial court did not abuse its discretion in dismissing Kadi's suit for want of prosecution.

The judgment of the trial court is affirmed.

/s/     Sharon McCally
        Justice

Panel consists of Justices Brown, Christopher, and McCally.