# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00786-CV

**Emory B. Perry, James R. Palmersheim, Thomas Palmersheim, John Kee, David J. Herbert, Paul Bowman, John Chambers, Bradley P. Nordgren, Craig S. Nordgren, Rex Madion, William J. Drasky, Samantha Paulson, Kenneth Paulson, and Fred Ananian, Appellants**

**v.**

**Darryl R. Cohen; Andrew M. Brown; Jenkens & Gilchrist Parker Chapin, L.L.P.; and Jenkens & Gilchrist, P.C., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. GN403943, HONORABLE PAUL DAVIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's order dismissing with prejudice appellants' suit after appellants failed to replead in compliance with the court's earlier order sustaining appellees' special exceptions. In three points of error, appellants contend that the trial court erred in dismissing their suit. We overrule appellants' points of error and affirm the trial court's judgment.

## FACTS AND PROCEDURAL BACKGROUND

Appellants are shareholders of RAMP Corporation, a now-defunct company that developed communications technologies for the health care industry. Appellees Darryl R. Cohen and Andrew M. Brown are former directors of RAMP, and appellees Jenkens & Gilchrist Parker Chapin, L.L.P., and Jenkens & Gilchrist, P.C., are law firms who represented RAMP in securities

matters. Appellants filed suit in December 2004 alleging negligence, common law fraud, statutory fraud, and conspiracy. In their original petition, appellants alleged that appellees made numerous misrepresentations on which appellants relied to their detriment.[1] Appellants alleged that appellees' misrepresentations induced appellants to hold and refrain from selling their RAMP stock. Appellants did not specify which misrepresentations by which appellee that each appellant relied upon, nor did appellants specify the maximum amount of damages requested by each individual appellant.

In response to the original petition, appellees filed special exceptions[2] on the grounds that appellants failed to give fair notice to the appellees as to which of the alleged claims each appellee must defend. Appellees also excepted to the appellants' failure to allege specific acts of negligence or identify with particularity statements made by each appellee. In addition, appellees excepted to appellants' failure to plead all elements of their stated causes of action and appellants' failure to set forth their request for damages with particularity as required by rule 47 of the Texas Rules of Civil Procedure or to break down the amount of damages requested or to plead the maximum amount of damages requested.

Appellants filed an amended petition in response to which appellees again filed special exceptions. Appellees reasserted their previous special exceptions and also excepted to appellants' claims on the grounds that appellants' claims were derivative claims that belonged to the

---

[1] In their original petition, appellants named Cohen, Brown and the Blackhills Investment Corporation as defendants. Appellants added Jenkens & Gilchrist Parker Chapin, L.L.P., and Jenkens & Gilchrist, P.C., as defendants in their first amended petition filed March 31, 2005.

[2] Special exceptions inform the opposing party of defects in its pleadings, so the party may have an opportunity to cure the defect. *See Horizon v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000).

corporation and therefore appellants lacked standing. Appellants filed a second amended petition alleging claims of negligent misrepresentation, common law fraud, statutory fraud, violations of the Texas Securities Act,[3] and conspiracy. Appellees again filed special exceptions, and the trial court signed an order sustaining appellees' special exceptions. The trial court's order required appellants to replead within 45 days as follows:

> It is ORDERED that Plaintiffs must replead specifically the allegations supporting each cause of action by each Plaintiff against each Defendant.
>
> It is ORDERED that Plaintiffs must replead specifically identifying the maximum amount each Plaintiff seeks in damages.
>
> It is ORDERED that Plaintiffs must replead specifically to identify any alleged harm, damage, or injury distinct from any injury to the corporation, if possible.

The trial court's order further specified that if appellants failed to replead appropriately, their claims would be dismissed.

Although appellants filed a third amended petition in an attempt to comply with the trial court's order on special exceptions, appellees filed a motion to dismiss and enforce the trial court's prior order sustaining special exceptions. After a hearing on appellees' motion, the trial court entered an order dismissing all of appellants' claims with prejudice for failure to comply with the trial court's order on special exceptions. On appeal, appellants challenge the trial court's order of dismissal.

---

[3] Tex. Rev. Civ. Stat. Ann. arts. 581-1 to -43 (West 1964 & Supp. 2006).

**DISCUSSION**

In three issues, appellants contend that the trial court erred in dismissing their claims. Appellants make a general contention that the trial court erred in granting the appellees' motion to dismiss. Appellants further contend that the trial court violated public policy by dismissing their claims under the Texas Securities Act. *See* Tex. Rev. Civ. Stat. Ann. art. 581-1 to -43 (West 1964 & Supp. 2006). Alternatively, appellants contend that, even if the trial court properly dismissed their claims, it was error to dismiss the claims "with prejudice." In response, appellees argue that appellants have waived any error in the trial court's order granting special exceptions because appellants fail to challenge the basis for that order on appeal. Furthermore, appellees argue that appellants failed to replead in compliance with the trial court's order; therefore, the trial court properly dismissed appellants' claims.

*Standard of Review*

When reviewing a trial court's dismissal of a cause of action following the sustaining of special exceptions, we review the propriety of both the trial court's decision to sustain the special exceptions and the trial court's order of dismissal. *Cole v. Hall*, 864 S.W.2d 563, 566 (Tex. App.—Dallas 1993, writ dism'd w.o.j.) (en banc). An appellant complaining of the dismissal of a cause of action following the grant of special exceptions must attack the trial court's decision to grant the special exceptions as well as the trial court's order of dismissal. *Id.* Upon a proper challenge to the trial court's grant of special exceptions and dismissal of the cause of action, we review the pleading to determine whether the trial court abused its discretion in granting special exceptions. *Id.*; *see also Muecke v. Hallstead*, 25 S.W.3d 221, 224 (Tex. App.—San Antonio 2000,

4

no pet.) (en banc); *see also Holt v. Reprod. Serv., Inc.*, 946 S.W.2d 602, 604 (Tex. App.—Corpus Christi 1997, writ denied). The trial court has broad discretion in granting special exceptions to order more definite pleadings as a particular case may require. *Burgess v. El Paso Cancer Treatment Ctr.*, 881 S.W.2d 552, 554 (Tex. App.—El Paso 1994, writ denied); *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex. Civ. App.—Corpus Christi 1978, no writ). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). If, however, an appellant fails to challenge the trial court's order granting special exceptions on appeal, any error in the decision to grant special exceptions is waived. *Cole*, 864 S.W.2d at 566; *see also Ford v. Performance Aircraft Servs., Inc.*, 178 S.W.3d 330, 334 (Tex. App.—Fort Worth 2005, pet. denied).

Where the trial court properly grants special exceptions, and the plaintiff refuses or fails to amend his petition in compliance with the trial court's order, there is no error in the trial court's dismissal of the cause of action. *Cole*, 864 S.W.2d at 566; *Sanchez v. Huntsville Indep. Sch. Dist.*, 844 S.W.2d 286, 288 (Tex. App.—Houston [1st Dist.] 1992, no writ). If the remainder of the petition does not state a cause of action, the trial court may properly dismiss the entire case. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *Cole*, 864 S.W.2d at 566; *Jackson v. City of Galveston*, 837 S.W.2d 868, 869 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

### *Dismissal of Appellants' Claims*

We agree with appellees that appellants do not challenge the trial court's order granting special exceptions in this appeal. Although appellants raise three issues challenging the

5

trial court's dismissal in their brief, appellants fail to discuss the merits of the trial court's order granting special exceptions. Accordingly, we conclude that appellants have waived any error regarding the trial court's grant of special exceptions. *See Cole*, 864 S.W.2d at 566; *see also* Tex. R. App. P. 38.1(e).

The only issue remaining before us is whether the trial court abused its discretion in dismissing appellants' suit. The trial court dismissed appellants' suit for failure to comply with the order granting special exceptions. In its dismissal order, the trial court found:

> [Appellants'] Third Amended Petition fails to comply with the September 15, 2005 Court Order in that [Appellants'] Third Amended Petition fails to replead specifically the allegations supporting each cause of action by each [Appellant] against each [Appellee] and that [Appellants'] Third Amended Petition fails to replead specifically to identify any alleged injury distinct from any injury to the Corporation.

Thus, the trial court concluded that appellants failed to comply with two—of the three—specific requirements in the order granting special exceptions.[4]

When a trial court properly sustains special exceptions and the plaintiff refuses to amend in compliance with the trial court's order, the trial court does not err in dismissing the cause of action. *Cole*, 864 S.W.2d at 567 (citing *Davis v. Quality Pest Control*, 641 S.W.2d 324, 328, 330 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Townsend v. Memorial Med. Ctr.*,

---

[4] In their brief, appellants argue that they were not required to bring their claims under the Texas Securities Act as derivative claims, but even if we accepted appellants' argument, appellants have not shown that they complied with the second requirement in the trial court's order "to replead specifically the allegations supporting each cause of action by each [Appellant] against each [Appellee]." Therefore, we would still conclude that the trial court's order of dismissal was proper based on appellants' failure to comply with this additional requirement.

529 S.W.2d 264, 267 (Tex. Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.)). Because appellants have waived any error in the trial court's grant of special exceptions, we hold that the trial court did not abuse its discretion in dismissing appellants' suit. *See id.* We overrule appellants' issues one and two.

In their third issue on appeal, appellants argue that even if it was proper for the trial court to dismiss their claims, the trial court erred in granting dismissal "with prejudice."[5] We disagree. In the trial court's order granting special exceptions, the trial court gave appellants 45 days to replead in compliance with its order. The record reflects that, in addition to their original petition, appellants filed two amended petitions prior to the trial court's order granting special exceptions and a third amended petition prior to the trial court's order of dismissal. Thus, appellants had more than one opportunity to amend and cure their deficient pleadings. On this record, we cannot say that the trial court abused its discretion in dismissing appellants' suit with prejudice. *See Lentworth*, 981 S.W.2d at 722-23; *Hubler*, 564 S.W.2d at 823. We overrule appellants' third issue.

## CONCLUSION

Having overruled all of appellants' issues, we affirm the trial court's judgment.

---

[5] Relying on rule 33.1(a) of the Texas Rules of Appellate Procedure, the Jenkens appellees argue in their brief that the appellants failed to preserve this error by failing to present this claim to the trial court. Because the record reflects that appellants objected to the form of the trial court's order dismissing their suit "with prejudice," we conclude appellants have preserved this claim.

7

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   January 5, 2007