# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-05-00786-CV

**Emory B. Perry, James R. Palmersheim, Thomas Palmersheim, John Kee,
David J. Herbert, Paul Bowman, John Chambers, Bradley P. Nordgren,
Craig S. Nordgren, Rex Madion, William J. Drasky, Samantha Paulson,
Kenneth Paulson, and Fred Ananian, Appellants**

**v.**

**Darryl R. Cohen, Andrew M. Brown; Jenkens & Gilchrist Parker Chapin, L.L.P.;
and Jenkens & Gilchrist, P.C., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. GN403943, HONORABLE PAUL DAVIS, JUDGE PRESIDING

## O P I N I O N

We consider this appeal on remand from the supreme court. *See Perry v. Cohen*, 272 S.W.3d 585, 586 (Tex. 2008) (per curiam). Appellants contend that the trial court erred in granting appellees' special exceptions and in dismissing appellants' claims. Because we conclude the trial court did not err in granting appellees' special exceptions or in dismissing appellants' claims with prejudice, we affirm the trial court's orders.

**FACTS AND PROCEDURAL BACKGROUND**

Appellants are fourteen individual shareholders[1] of RAMP Corporation (collectively "shareholders"), a now-defunct company that developed communications technologies for the health care industry. Appellees Darryl R. Cohen and Andrew M. Brown are former directors of RAMP, and appellees Jenkens & Gilchrist Parker Chapin, L.L.P., and Jenkens & Gilchrist, P.C., are law firms that represented RAMP in securities matters.[2] The shareholders filed suit in December 2004 alleging negligence, common law fraud, statutory fraud, and conspiracy. In their original petition, the shareholders alleged that the defendants made numerous misrepresentations on which the shareholders relied to their detriment.[3] The shareholders alleged that these misrepresentations induced them to hold and refrain from selling their RAMP stock. The shareholders did not specify which misrepresentations by which defendant each shareholder relied upon, nor did the shareholders specify the maximum amount of damages requested by each shareholder.

In response to the original petition, the defendants filed special exceptions[4] on the ground that the shareholders failed to give fair notice to the defendants as to which of the alleged claims each defendant must defend. The defendants also excepted to the shareholders' failure to

---

[1] Although six of the shareholders reside in Texas, the other eight shareholders reside in Alabama (1), California (1), Colorado (1), Florida (1), Massachusetts (2), and Virginia (2).

[2] We refer to the appellees collectively as the "defendants."

[3] In their original petition, the shareholders named Cohen, Brown, and the Blackhills Investment Corporation as defendants. The shareholders added Jenkens & Gilchrist Parker Chapin, L.L.P., and Jenkens & Gilchrist, P.C., as defendants in their first amended petition filed March 31, 2005.

[4] Special exceptions inform the opposing party of defects in its pleadings, so the party may have an opportunity to cure the defect. *See Horizon v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000).

allege specific acts of negligence or identify with particularity the statements made by each defendant. In addition, the defendants excepted to the shareholders' failure to plead all elements of their stated causes of action and the shareholders' failure to set forth their request for damages with particularity as required by rule 47 of the Texas Rules of Civil Procedure, to break down the amount of damages requested, or to plead the maximum amount of damages requested.

*Amended Petitions*

The shareholders filed an amended petition, and the defendants again filed special exceptions. The defendants reasserted their previous special exceptions and also excepted to the shareholders' claims on the ground that the shareholders' claims were derivative claims[5] that belonged to the corporation and therefore the shareholders lacked standing. The shareholders filed a second amended petition alleging claims of negligent misrepresentation, common law fraud, statutory fraud, violations of the Texas Securities Act,[6] and conspiracy. The defendants again filed special exceptions re-urging the exceptions that the shareholders' claims were derivative in nature because they were predicated on the decline in value of RAMP stock. The defendants further excepted to the shareholders' claims on the ground that, even if they were derivative in nature, the shareholders had failed to plead with specificity the allegations supporting each cause of action by each shareholder against each defendant and that the shareholders had failed to specify the maximum

---

[5] The American Law Institute describes a derivative claim as "a wrongful act that depletes corporate assets and thereby injures shareholders only indirectly." Principles of Corporate Governance: Analysis and Recommendation § 7.01 cmt. c (2005). "Conversely, a wrongful act that is separate and distinct from any corporate injury, such as one that denies or interferes with the rightful incidents of share ownership, gives rise to a direct action." *Id.*

[6] Tex. Rev. Civ. Stat. Ann. arts. 581-1 to -43 (West 1964 & Supp. 2008).

damages requested by each shareholder. The defendants also excepted to the shareholders' second amended petition on the grounds that the shareholders failed to allege any transaction in which they were "in privity" with the defendants—that is, the shareholders failed to allege that they purchased their shares of RAMP stock from the defendants—and therefore failed to allege a cognizable claim under the Texas Securities Act.

The trial court signed an order sustaining the defendants' special exceptions and ordered the shareholders to replead within 45 days as follows:

> It is ORDERED that Plaintiffs must replead specifically the allegations supporting each cause of action by each Plaintiff against each Defendant.
>
> It is ORDERED that each Plaintiff must replead specifically identifying the maximum amount each Plaintiff seeks in damages.
>
> It is ORDERED that each Plaintiff must replead specifically to identify any alleged harm, damage, or injury distinct from any injury to the corporation, if possible.

The trial court's order further specified that if the shareholders failed to replead in accordance with the order granting special exceptions, their claims would be dismissed.

Although the shareholders filed a third amended petition in an attempt to comply with the trial court's order, the defendants filed a motion to dismiss and enforce the trial court's order sustaining special exceptions. After a hearing on the defendants' motion, the trial court entered an order dismissing all of the shareholders' claims with prejudice for failure to comply with the trial court's order on special exceptions. In its order of dismissal, the trial court expressly found that the shareholders' third amended petition "fail[ed] to replead specifically the allegations supporting each

4

cause of action by each Plaintiff against each Defendant and . . . fail[ed] to replead specifically to identify any alleged harm, damage or injury distinct from any injury to the Corporation."

In their notice of appeal, the shareholders challenged only the trial court's order of dismissal. Concluding that the shareholders failed to challenge the trial court's order granting special exceptions, this Court held that the shareholders had waived any error in the trial court's dismissal of their claims. *See Perry v. Cohen*, 272 S.W.3d 661, 665 (Tex. App.—Austin 2007), *rev'd per curiam*, 272 S.W.3d 585 (Tex. 2008).

The shareholders petitioned for review in the Texas Supreme Court. The supreme court granted the shareholders' petition for review, reversed this Court's judgment, and remanded the cause for further proceedings. *Perry*, 272 S.W.3d at 588. Concluding that the shareholders had in fact challenged the trial court's order granting special exceptions in their appellate briefing, the supreme court instructed this Court on remand to consider the merits of the shareholders' challenge to the trial court's order granting special exceptions. *Id.* The parties have filed supplemental briefing for this Court to consider on remand.[7]

## DISCUSSION

On remand, we consider whether the trial court erred in granting the defendants' special exceptions and dismissing the shareholders' claims with prejudice. The shareholders argue that the trial court erred in dismissing their claims against the defendants because the shareholders' third amended petition satisfied the trial court's order to replead. The defendants counter that the

---

[7] We also consider the parties' original briefing previously submitted to this Court.

5

trial court properly dismissed the shareholders' claims because such claims are derivative claims belonging to RAMP Corporation and the shareholders failed to "replead specifically to identify any alleged harm, damage, or injury distinct from any injury to the Corporation" in compliance with the trial court's order granting special exceptions. As a result of the shareholders' failure to comply with the trial court's order granting special exceptions, the defendants contend the trial court did not err in dismissing the shareholders' claims with prejudice.

### *Standard of Review*

When reviewing a trial court's dismissal of a cause of action following the sustaining of special exceptions, we review the propriety of both the trial court's decision to sustain the special exceptions and the trial court's order of dismissal. *Cole v. Hall*, 864 S.W.2d 563, 566 (Tex. App.—Dallas 1993, writ dism'd w.o.j.) (en banc). Upon a proper challenge to the trial court's grant of special exceptions and dismissal of the cause of action, we review the pleadings to determine whether the trial court abused its discretion in granting special exceptions. *Id.*; *see also Muecke v. Hallstead*, 25 S.W.3d 221, 224 (Tex. App.—San Antonio 2000, no pet.) (en banc); *see also Holt v. Reproductive Servs., Inc.*, 946 S.W.2d 602, 604 (Tex. App.—Corpus Christi 1997, writ denied). We accept as true all the material factual allegations and all factual statements reasonably inferred from the allegations set forth in the pleadings. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 240 (Tex. 1994). The trial court has broad discretion in granting special exceptions to order more definite pleadings as a particular case may require. *Burgess v. El Paso Cancer Treatment Ctr.*, 881 S.W.2d 552, 554 (Tex. App.—El Paso 1994, writ denied); *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex. Civ. App.—Corpus Christi 1978, no writ). A trial court

abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Where the trial court properly grants special exceptions, and the plaintiff refuses or fails to amend his petition in compliance with the trial court's order, there is no error in the trial court's dismissal of the cause of action. *Cole*, 864 S.W.2d at 566; *Sanchez v. Huntsville Indep. Sch. Dist.*, 844 S.W.2d 286, 290-91 (Tex. App.—Houston [1st Dist.] 1992, no writ). If the remainder of the petition does not state a cause of action, the trial court may properly dismiss the entire case. *Cole*, 864 S.W.2d at 566; *Jackson v. City of Galveston*, 837 S.W.2d 868, 869 (Tex. App.—Houston [14th Dist.] 1992, writ denied). The trial court's legal conclusions as to whether the petition adequately states a cause of action are subject to *de novo* review in this Court. *See Boales v. Brighton Builders, Inc.*, 29 S.W.3d 159, 163 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

***Challenge to Trial Court's Order Granting Special Exceptions***

By their suit, the shareholders contend that they were harmed when their once valuable shares of RAMP stock became worthless as a result of the defendants' alleged conduct. The trial court granted special exceptions on three grounds and required the shareholders to replead specifically: (1) the allegations supporting each cause of action of each shareholder against each defendant; (2) the maximum amount each shareholder seeks in damages; and (3) any alleged harm, damage, or injury distinct from any injury to the corporation, if possible.

We review the pleadings to determine whether the trial court abused its discretion in granting Cohen's special exceptions. *Cole*, 864 S.W.2d at 566; *Muecke*, 25 S.W.3d at 224;

7

*see also Holt*, 946 S.W.2d at 604.  The live pleading before the trial court when it granted special exceptions was the shareholders' second amended petition.  In their second amended petition, among other things, the shareholders alleged:

- The shareholders met with appellees Brown and Cohen through an internet conference call in which Brown and Cohen made false statements regarding RAMP Corporation, RAMP management, RAMP bookkeeping and accounting, RAMP stock, RAMP financing, and SEC filings concerning the company.

- The shareholders met with Brown and Cohen on various occasions, and Brown and Cohen made false statements regarding RAMP Corporation, RAMP management, RAMP bookkeeping and accounting, RAMP stock, RAMP financing, and SEC filings concerning the company.

- The defendants issued a series of press releases and other advertisements regarding RAMP Corporation that the defendants knew were false.

- The defendants filed documents containing false statements with the SEC.

- The defendants held a telephone conference with one or more shareholders in which the defendants made false statements concerning RAMP Corporation and RAMP stock.

- Based on the acts, omissions, advice, promises, representations, and misrepresentations of the defendants, the shareholders were induced to continue to invest in and/or to retain their stock in RAMP.

- These acts, omissions, advice, promises, representations, and misrepresentations were made with the intent that the shareholders rely on them and the shareholders did in fact rely on them in continuing to invest in and/or retaining their stock.

Based on the defendants' alleged misrepresentations, the shareholders claimed that they "were induced to continue to invest in and/or retain their stock in RAMP."[8]  The shareholders further alleged that by purchasing or holding onto RAMP stock rather than liquidating their investments, they "suffered economic loss at a maximum of twenty million dollars" and non-economic losses "believed to reach a maximum level of sixty million dollars."

The defendants excepted to the shareholders' second amended petition on the ground that the shareholders failed to plead a direct cause of action and instead pleaded only derivative claims belonging to the corporation.  The trial court recognized this distinction between direct and derivative claims and ordered the shareholders to "replead specifically to identify any alleged harm, damage, or injury distinct from any injury of the corporation, if possible."

The general rule in Texas is that "individual stockholders have no separate and independent right of action for injuries suffered by the corporation which merely result in the depreciation of the value of their stock." *Wingate v. Hadjik*, 795 S.W.2d 717, 719 (Tex. 1990).  As the supreme court explained in *Wingate v. Hadjik*,

> This rule is based on the principle that where such an injury occurs each shareholder suffers relatively in proportion to the number of shares he owns, and each will be made whole if the corporation obtains restitution or compensation from the wrongdoer.

*Id.* at 719.  Accordingly, an action for such injury must be brought by the corporation, not individual shareholders. *Id.* (citing cases).  This rule, of course, does not prohibit a shareholder from bringing

---

[8]  In a variation of their claim, the shareholders also alleged that they were induced "to purchase and/or retain" their RAMP stock.

9

a cause of action to recover damages for wrongs done to him individually where a wrongdoer violates a duty owed directly to the shareholder. *Id.*

Upon review of the allegations in the shareholders' second amended petition, we conclude the trial court did not abuse its discretion in granting the defendants' special exceptions. The shareholders' claims were based solely on the decline in value of their RAMP stock and, therefore, belonged to the corporation, not individual shareholders. *See id.* Nowhere in their second amended petition do the shareholders assert that the defendants owed a duty directly to any of the shareholders. The misconduct alleged by the shareholders did not injure them (or any other shareholder) directly, but instead injured them only indirectly through their ownership of RAMP stock. Thus, the harm that befell the shareholders—the decline in value of their RAMP stock—was a harm that befell all of RAMP's shareholders equally. On this record, based on the rule announced in *Wingate*, we conclude that the shareholders' claims are derivative in nature and belong to the corporation.[9] We further conclude that the trial court acted within its discretion to require the

---

[9] The parties dispute whether Texas or Delaware law applies. Citing article 8.02 of the business corporations act, Cohen contends that Delaware law controls because RAMP was incorporated in Delaware. *See* Tex. Bus. Corp. Act Ann. art. 8.02 (West 2003) (stating that laws of a company's state of incorporation shall govern the internal affairs of a foreign corporation, including but not limited to the rights, powers, and duties of its board of directors and shareholders and matters relating to its shares). Without citation to authority, the shareholders simply deny that Delaware law applies. For purposes of this appeal, we need not decide whether Texas or Delaware law applies because regardless of whether Texas or Delaware law applies, the shareholders' claims are derivative in nature and belong to the corporation. *See Wingate v. Hadjik*, 795 S.W.2d 717, 719 (Tex. 1990); *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (Del. 2004); *see also Shirvanian v. Defrates*, 161 S.W.3d 102, 110 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (applying *Tooley* and finding shareholder claims based on decline in stock value were derivative under Delaware law).

shareholders to replead specifically to identify any alleged harm, damage, or injury distinct from any injury to the corporation.

To the extent the shareholders rely on the decision of our sister court in *Sherman v. Triton Energy Corporation*, 124 S.W.3d 272 (Tex. App.—Dallas 2003, pet. denied), in support of the argument that they have asserted direct, not derivative, claims, we find that case distinguishable and their reliance misplaced. In that case, the Dallas court of appeals considered whether the trial court properly granted special exceptions and dismissed securities fraud claims brought by two groups of shareholders—Sherman and Black and the Relatives. *Id.* at 274-75. Triton filed a motion to dismiss and special exceptions on the grounds that the claims were derivative and that the alleged misrepresentations and reliance were not specifically pleaded. *Id.* at 276. After the trial court sustained Triton's special exceptions, the appellants filed an amended petition alleging that they would not have purchased additional Triton stock after March 30, 1998, and would not have held all their stock until July 17, 1998, if they had known that the representations were false. *Id.* They also alleged as damages the losses sustained when the stocks were sold after July 17, 1998. *Id.* Triton filed special exceptions and moved to dismiss the amended petition. The trial court dismissed the Relatives' claims and dismissed the common law fraud and negligent misrepresentation claims of the Sherman and Black parties on the ground that such claims were derivative and could not be asserted individually. *Id.* The trial court sustained special exceptions as to the statutory securities fraud claims and ordered the Sherman and Black parties to amend their petition to allege specifically the dates on which each party purchased and sold Triton shares. *Id.* The court of appeals held that the trial court erred in dismissing the Relatives' claims because the

11

Relatives' first amended petition alleged that they had suffered economic damages by purchasing Triton stock after March 30, 1998, in reliance on specific misrepresentations and then sold their stock after July 17, 1998, and suffered losses. *Id.*

Unlike the Relatives in *Sherman*, the shareholders in this case have not alleged that they purchased stock on a specific date in reliance on specific misrepresentations made by the defendants and thereafter sold that stock and suffered losses. In their second amended petition, the shareholders alleged that they were investors in RAMP stock, and they alleged that the defendants made numerous misrepresentations and false or misleading statements that induced the shareholders "to continue to invest in and/or retain their [RAMP] stock." But the shareholders do not tie their purchases of RAMP stock on a specific date to any specific representation or statement made by the defendants. *See Sherman*, 124 S.W.3d at 282 (Relatives alleged that they suffered damages by purchasing Triton stock "after March 30, 1998, in reliance on specific misrepresentations"); *see also Houston v. Howard*, 786 S.W.2d 391, 393 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (pleading fails to give fair notice where it contains "ambiguous language that does not clearly convey the pleader's contentions").[10] In addition, while the shareholders alleged that they suffered losses as a result of the defendants' misrepresentations, the shareholders do not tie any

_____

[10] Nor do the shareholders allege that they purchased their RAMP stock from the defendants or were otherwise in privity with the defendants within the meaning of the Texas Securities Act. *See* Tex. Rev. Civ. Stat. Ann. art. 581-33A(1)-(2) (person who offers or sells a security in violation of the act is liable to the person buying the security from him) (West Supp. 2008); *see also Frank v. Bear*, 11 S.W.3d 380, 383 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (to impose seller liability under article 581-33A(2), plaintiff must be in privity with defendant—i.e., plaintiff must have bought his securities from defendant whom plaintiff is suing).

12

specific misrepresentation to the losses suffered by each shareholder.[11] *See Sherman*, 124 S.W.3d at 282; *Houston*, 786 S.W.2d at 393. Rather, in paragraphs 48 through 53 of their second amended petition, the shareholders make blanket allegations in support of all of their claims that the shareholders relied on representations made by the defendants, continued to invest in and/or hold their RAMP stock, and suffered severe economic and non-economic losses. The shareholders' reliance on *Sherman* is therefore misplaced, and we conclude that the trial court acted within its discretion to grant the defendants' special exceptions and require the shareholders to "replead specifically the allegations supporting each cause of action by each Plaintiff against each Defendant."

We next consider whether the trial court erred in dismissing the shareholders' claims for failure to comply with the trial court's order granting special exceptions.

---

[11] The concurring opinion states that the shareholders "add[ed] allegations in their third amended petition that some of the plaintiffs purchased (and did not merely hold) stock in reliance on misrepresentations by Cohen and Brown." This statement refers to paragraph 30 of the shareholders' third amended petition in which the shareholders alleged:

> Defendants Cohen and Brown placed advertisements regarding RAMP that ran nationwide, including the Austin, Travis County area. These advertisements included television commercials, as well as a paid promotional involving Pat Summerall Productions' "Champions of Industry." These advertisements contained false statements of material fact. Plaintiffs Ananian, Drasky, J. Palmersheim, T. Palmersheim, and Perry reviewed these advertisements and relied on these false advertisements in purchasing RAMP shares.

Although this paragraph of the shareholders' third amended petition does allege that certain shareholders relied on advertisements placed by certain defendants when purchasing RAMP stock, unlike the Relatives' allegations in *Sherman v. Triton Energy Corporation*, 124 S.W.3d 272 (Tex. App.—Dallas 2003, pet. denied), this paragraph does not tie each shareholders' purchases of RAMP stock on a specific date to any specific misrepresentation made by the defendants. *See id.* at 282. Nor does this paragraph tie any loss suffered by these shareholders to their alleged reliance on misrepresentations in advertisements placed by the defendants. *See id.*

13

***Dismissal of Shareholders' Claims***

The trial court dismissed the shareholders' claims for failure to comply with the order granting special exceptions. In its dismissal order, the trial court found:

> Plaintiffs' Third Amended Original Petition fails to comply with the September 15, 2005 Court Order in that Plaintiffs' Third Amended Petition fails to replead specifically the allegations supporting each cause of action by each Plaintiff against each Defendant and that the Plaintiffs' Third Amended Petition fails to replead specifically to identify any alleged harm, damage or injury distinct from any injury to the Corporation.

Thus, the trial court concluded that the shareholders failed to comply with two of the three specific requirements in the order granting special exceptions.

When a trial court properly grants special exceptions and the plaintiff refuses to amend in compliance with the trial court's order, the trial court does not err in dismissing the cause of action. *Cole*, 864 S.W.2d at 567 (citing *Davis v. Quality Pest Control*, 641 S.W.2d 324, 328, 330 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Townsend v. Memorial Med. Ctr.*, 529 S.W.2d 264, 267 (Tex. Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.)). In determining whether the trial court erred in dismissing the shareholders' claims, we consider whether the shareholders' third amended petition complied with the trial court's order. We take all allegations, facts, and inferences in the pleadings as true and view them in the light most favorable to the shareholders. *See Boales*, 29 S.W.3d at 163.

In their third amended petition, the shareholders re-assert their claims of common law and statutory fraud, negligent misrepresentation, violation of the Texas Securities Act, and conspiracy. In support of these claims, the shareholders repeat their allegations that the defendants'

14

alleged misconduct induced the shareholders "to purchase and/or retain their respective shares in RAMP" and that the shareholders were injured as a result of the decline in value of their RAMP stock. Comparing the allegations of damages or injury from the second amended petition to the third amended petition, it is clear that the shareholders have not complied with the trial court's order on special exceptions requiring the shareholders to "replead specifically to identify any alleged harm, damage, or injury distinct from any injury to the corporation."

In paragraph 47 of their second amended petition, the shareholders allege that their reliance on false and misleading statements made by the defendants "resulted in severe economic and non-economic damages to Plaintiffs." In paragraph 51 of the third amended petition, the shareholders make this same allegation, stating, "This reliance resulted in severe economic and non-economic damages to Plaintiffs."

In support of their conspiracy claim in paragraph 53 of the second amended petition, the shareholders allege that "[a]s a result of these actions, Plaintiffs suffered severe losses." The shareholders repeat verbatim the same allegation in paragraph 72 of their third amended petition.

In support of their claim under the Texas Securities Act, the shareholders allege in paragraph 51 that "[t]he Defendants are liable to the Plaintiffs for the damages suffered by the Plaintiffs pursuant to Texas Revised Civil Statute art. 581-33A." The shareholders further allege in paragraph 52 that "the Defendants are jointly and severally liable to the Plaintiffs under the Texas Revised Civil Statute art. 581-33F." Again, the shareholders repeat verbatim the same allegations in paragraphs 73 and 74 of the third amended petition.

15

In support of their negligent misrepresentation claim, the shareholders allege in paragraph 48 of the second amended petition that "Plaintiffs justifiably relied on Defendants' representations [and s]uch reliance proximately caused Plaintiffs to sustain severe economic and non-economic losses." The shareholders repeat the same allegation in paragraph 75 of the third amended petition, stating "Plaintiffs justifiably relied on the representations and such [reliance] caused Plaintiffs' injuries."

In paragraph 49 of the second amended petition, in support of their common law fraud claim, the shareholders allege that " . . . Defendants' representations caused severe losses to Plaintiffs." The shareholders likewise repeat this allegation in paragraph 76 of the third amended petition.

Finally, in paragraph 49 of the second amended petition in support of their statutory fraud claim, the shareholders allege, "As a result [of Plaintiffs' reliance on Defendants' representations], Plaintiffs suffered severe losses." The shareholders also repeat this allegation verbatim in paragraph 77 of the third amended petition.

Given that the shareholders repeat verbatim the same allegations with respect to the damages they suffered as a result of the defendants' alleged misconduct in both the second and third amended petitions, the shareholders made no attempt to allege an injury distinct from that of the corporation. The shareholders' allegations of injury in their third amended petition are still predicated on the decline in value of their RAMP stock. The record is thus clear that the shareholders failed to amend their petition in compliance with the trial court's order on special exceptions requiring them to "replead specifically to identify any alleged harm, damage, or injury

16

distinct from any injury to the corporation."[12]  Accordingly, we hold the trial court did not err in

dismissing the shareholders' claims.  *See Cole*, 864 S.W.2d at 566; *Sanchez*, 844 S.W.2d at 290-91.

To the extent the shareholders argue that the trial court erred in granting dismissal

"with prejudice," we find this argument to be without merit.  In the trial court's order granting

special exceptions, the trial court gave appellants 45 days to replead in compliance with its order.

The record reflects that, in addition to their original petition, the shareholders filed two amended

petitions prior to the trial court's order granting special exceptions and a third amended petition prior

to the trial court's order of dismissal.  The shareholders had more than one opportunity to amend and

cure their deficient pleadings.  On this record, we cannot say that the trial court abused its discretion

in dismissing the shareholders' claims with prejudice.  *See Lentworth v. Trahan*, 981 S.W.2d 720,

722-23 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (dismissal with prejudice is proper when

---

[12]  Having concluded that appellants failed to comply with that portion of the trial court's order on special exceptions requiring them to "replead specifically to identify any alleged harm, damage, or injury distinct from any injury to the corporation," we need not consider whether appellants complied with the remaining requirements of the trial court's order on special exceptions. *See* Tex. R. App. P. 47.1.

Were we to consider the remaining requirements, we observe that the shareholders' third amended petition likewise fails to "replead specifically the allegations supporting each cause of action by each Plaintiff against each Defendant."  In paragraphs 71 through 78 of their third amended petition, the shareholders repeat the same blanket allegations that were made in paragraphs 48 through 53 of their second amended petition—namely, the shareholders allege that the defendants made misrepresentations or false and misleading statements on which the shareholders relied to their detriment.  The shareholders made no attempt to tie the allegations supporting each cause of action by each shareholder to the alleged misconduct of each defendant.  Thus, the shareholders' third amended petition does not satisfy the requirement to "replead specifically the allegations supporting each cause of action by each Plaintiff against each Defendant" as required by the trial court's order on special exceptions.

17

plaintiff fails to amend deficient pleadings after being given opportunity to do so); *Hubler*, 564 S.W.2d at 823 (same).

## CONCLUSION

Because we conclude there was no error in the trial court's order granting special exceptions and no error in the trial court's order dismissing the shareholders' claims with prejudice, we affirm the trial court's orders.

_____

Jan P. Patterson, Justice

Before Chief Justice Jones, Justices Patterson and Pemberton
      Concurring Opinion by Justice Pemberton

Affirmed on Remand

Filed:  March 26, 2009

18