# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00408-CV

**Sohan K. Singh, Appellant**

**v.**

**Citibank (South Dakota), N.A., Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-08-001153, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In a suit to recover a credit-card debt, appellee Citibank (South Dakota), N.A. (Citibank) obtained a final summary judgment awarding it $2,689.56 on an account-stated claim against appellant Sohan K. Singh. On appeal, Singh contends in substance that the trial court erred by (1) failing to exclude Citibank's summary-judgment evidence pertaining to Singh's credit-card account; (2) granting summary judgment on Citibank's account-stated claim; (3) denying Singh's motions for "default judgment" on third-party claims that he had attempted to assert against Citibank's attorneys and a counterclaim he had asserted against Citibank; and (4) dismissing all of Singh's claims for failure to replead after special exceptions were sustained.[1] We will affirm the trial court's judgment.

---

[1] Singh, who has been pro se both on appeal and below, has filed briefing that, while forcefully emphasizing his disagreement with the ultimate outcome of the trial court proceedings, are rambling and often incomprehensible with respect to the legal or factual bases of his complaints. The above summary of issues reflects our best efforts to fairly construe any arguments Singh asserts that would appear to implicate cognizable concepts of Texas law. To the extent that Singh purports to raise additional complaints, we hold they are waived. Tex. R. App. P. 38.1; *see Mansfield State*

## BACKGROUND

Citibank issued a credit card to Singh, and he incurred charges on the account. Citibank sued Singh in 2008, alleging that he had defaulted in making required monthly payments, asserting causes of action for breach of contract, account stated, and common-law debt. Citibank sought recovery of the outstanding balance owed by Singh, plus interest, costs, and attorney's fees.

In response, Singh filed an answer and a document entitled "Defendant's Verified Counterclaim" in which he purported to assert damages claims against not only Citibank but several third-party defendants—namely, Citibank's lawyers. Singh, however, did not serve the third-party defendants with process. Citibank specially excepted to both Singh's answer and his "Verified Counterclaim." Singh, in turn, moved for entry of a no-answer default judgment against the third-party defendants. The trial court heard both Citibank's special exceptions and Singh's motion for default judgment on December 17, 2009. The court denied Singh's motion for default judgment but granted Citibank's special exceptions with respect to all of Singh's claims and ordered him to "replead an intelligible cause of action within 14 days of the date of the hearing."

Following the hearing, Singh filed "reissued" "Verified Counterclaims" against the third-party defendants and served them with process. The third-party defendants answered and filed their own special exceptions to Singh's pleadings. Subsequently, Citibank and the third-party defendants filed a motion to strike and dismiss the "reissued" "Verified Counterclaims" for failure to comply with the trial court's order that he replead an "intelligible cause of action." Singh also filed a "second" motion for entry of "default judgment" against all of the defendants. On April 15, 2010, after a hearing,

*Bank v. Cohn*, 573 S.W.2d 181, 184-86 (Tex. 1978) (pro se litigants must be held to same standards as parties represented by counsel to avoid giving them unfair advantage).

2

the trial court denied Singh's motions for "default judgment," granted the defendants' motions, and struck and dismissed all of Singh's claims without prejudice. Thereafter, Singh filed a request for relief titled "Defendant and Counter-Plaintiff's Lawful Special Exceptions to Judge's Actions Dismissing Defendant and Counter-Plaintiff's Counterclaim and Petition for Dismissal," which was in substance a motion to reconsider the dismissals, but Singh never attempted to reassert or replead his claims.

On June 2, 2010, Citibank moved for a traditional summary judgment based solely on its account-stated claim. In support of its motion, Citibank presented the affidavit of Terri Ryning, who testified that she was a vice president of Citicorp Credit Services, Inc., a "servicing company" that is a Citibank subsidiary. Attached to Ryning's affidavit were copies of what purported to be Singh's monthly account statements. Ryning testified that the copies of Singh's monthly account statements were accurate reproductions from Citibank's computerized account records and proved them up as Citibank business records. Ryning further testified to a number of facts related to Singh's account, including that the total amount due and owing was $2,689.56.

Singh filed and served a response to Citibank's motion. He did not attempt to present summary-judgment evidence that is material to the issues on appeal.[2] However, Singh did assert what

---

[2] Singh's summary-judgment evidence consisted of a document from the Texas Secretary of State purporting to indicate that no entity with the name "Citibank (South Dakota) N.A." had a registered agent in this state, and a document from the Travis County District Clerk that purported to reflect that no entity was doing business under that name in the county. Singh presented these documents apparently in an attempt to dispute Citibank's capacity to sue or defend in the action. In addition, Singh presented his own "Declaration of Keeper of Business Records," in which he at some length distinguished himself individually ("a natural man, a non-belligerent and not a lesser animal") from the "commercial artificial person avatar" whom Citibank had sued ("SOHAN K SINGH,"as his name had appeared in Citibank's pleadings). However, Singh acknowledged that SINGH's filings had been prepared "in collaboration with me as scribe" and that he had personal knowledge of them.

3

were in substance objections to Ryning's affidavit, complaining that her testimony was not competent summary-judgment evidence because it was "conclusory" or failed to demonstrate Ryning's personal knowledge of the facts asserted.

Following a hearing, the trial court granted Citibank's summary-judgment motion. It rendered final judgment awarding Citibank $2,689.56 and ordering that Singh take nothing on any of his claims. Singh appealed.

## ANALYSIS

On appeal, Singh argues that the trial court erred in failing to exclude Ryning's affidavit and attachments, granting summary judgment on Citibank's account-stated claim, denying his motions for "default judgment," and dismissing his claims.

**Standard of review**

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215-16. When reviewing a summary judgment, we take as true proof favorable to the non-movant, and we indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Valence Operating Co.*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215.

As a movant seeking summary judgment on its account-stated cause of action, Citibank had the initial burden of establishing its entitlement to judgment as a matter of law by conclusively establishing each element of that cause of action. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*,

4

28 S.W.3d 22, 23 (Tex. 2000) (per curiam) (citing *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999); *Oram v. General Am. Oil Co.*, 513 S.W.2d 533, 534 (Tex. 1974) (per curiam)). Assuming Citibank met this burden, the burden shifted to Singh to file a timely written response presenting grounds for denying summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Grounds that Singh did not expressly present to the trial court by written response cannot be considered as grounds for reversal on appeal. Tex. R. Civ. P. 166a(c); *Clear Creek Basin Auth.*, 589 S.W.2d at 678. Citibank's motion must stand on its own merits, however, and thus Singh is not precluded from contending on appeal that the grounds presented in Citibank's motion were legally insufficient to entitle it to summary judgment. *Rhône-Poulenc*, 997 S.W.2d at 223 (citing *Clear Creek Basin Auth.*, 589 S.W.2d at 678). Additionally, Citibank bears the burden on appeal of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id.*

We review the trial court's rulings concerning the admission or exclusion of summary-judgment evidence for an abuse of discretion. *See, e.g.*, *Fairfield Fin. Group, Inc. v. Synnott*, 200 S.W.3d 316, 319 (Tex. App.—Austin 2009, no pet.). An abuse of discretion occurs only when the court's decision is made without reference to any guiding rules and principles or is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for it. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). Moreover, we will not reverse a judgment based on a claimed error in admitting or excluding evidence unless the complaining party shows that the error probably resulted in an improper judgment. Tex. R. App. P. 44.1; *Malone*, 972 S.W.2d at 43; *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). A successful challenge to a

trial court's evidentiary rulings requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted. *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000).

**Ryning affidavit**

Singh asserts that the trial court abused its discretion in failing to exclude the Ryning affidavit and attachments. He asks us to review the objections stated in his response to Citibank's summary-judgment motion. In that response, Singh argued that Ryning's affidavit lacked a proper "foundation," was "conclusory," and that she was not a "competent fact witness." Singh also complained that the attachments were "hearsay" and that Citibank had not attached "sworn" or "certified" copies of the monthly account statements. Singh's complaints are in large part, if not entirely, directed to Ryning's testimony proving up the account statements as business records, and are thus ultimately complaints that the trial court abused its discretion in admitting documents that were hearsay. To preserve such complaints, Singh was required to obtain written rulings overruling them. *See, e.g.*, *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2009, no pet.). Singh does not cite, nor have we found, any written ruling by the trial court overruling his objections. *See S & I Mgmt., Inc. v. Choi*, ___ S.W.3d ____, No. 05-09-00948-CV, 2011 Tex. App. LEXIS 479, at *11-12 (Tex. App.—Dallas Jan. 25, 2011, no pet. h.) (holding trial court's verbal ruling on objections at hearing insufficient to preserve error for appellate review). We conclude that Singh has failed to preserve these complaints for appellate review. Tex. R. App. P. 33.1(a)(2).

In any event, we conclude that Ryning sufficiently demonstrated her personal knowledge and competence to testify regarding the facts she asserted in her affidavit.[3] Ryning testified that in her role as vice president of Citicorp Credit Services, Inc., a Citibank subsidiary and "servicing company," she has personal knowledge regarding how account records are made and kept by Citibank. She explained that she shares custodianship and has access to "all of the documents in the possession of Citibank that are germane to this case." Ryning testified that she has access to and knowledge regarding Singh's account records. Ryning identified the attached monthly account statements as true and correct copies of the transaction detail related to Singh's account and proved up the statements as Citibank business records. She attested to her observations and conclusions based on the account records and her knowledge of Citibank's record-keeping procedures, including Singh's use of the account, Citibank's imposition of interest and charges, Citibank's transmittal of account statements to Singh, Singh's default, and the amount Singh ultimately owed.

The rules of evidence do not require that the qualified witness who lays the predicate for the admission of business records be their creator or have personal knowledge of the contents of the record; the witness is required only to have personal knowledge of the manner in which the records were kept. *See* Tex. R. Evid. 803(6), 902(10); *see also Bridges v. Citibank (S.D.) N.A.*, No. 02-06-00081-CV, 2006 Tex. App. LEXIS 10970, at *7 (Tex. App.—Fort Worth Dec. 21, 2006, no pet.) (mem. op.) (citing *In re K.C.P.*, 142 S.W.3d 574, 578 (Tex. App.—Texarkana 2004, no pet.)). We conclude that Ryning's testimony adequately demonstrated the basis for her personal knowledge of the manner in which Citibank kept its records and the other facts to which she testified. This Court and

---

[3] We similarly conclude that Singh's assertion that Ryning's testimony was "conclusory"—i.e., stating conclusions without any underlying factual basis—is without merit.

other Texas courts have considered similar affidavit testimony by other Citibank "servicer" personnel as adequate to establish the basis for the affiants' personal knowledge and competence. *See, e.g., Damron v. Citibank (South Dakota), N.A.*, No. 03-09-00438-CV, 2010 Tex. App. LEXIS 7054, at *9-11 (Tex. App.—Austin Aug. 25, 2010, pet. denied) (mem. op.); *McFarland v. Citibank (S.D.), N.A.*, 293 S.W.3d 759, 762 (Tex. App.—Waco 2009, no pet.); *Wynne v. Citibank (S.D.) N.A.*, No. 07-06-00162-CV, 2008 Tex. App. LEXIS, at *3-4 (Tex. App.—Amarillo Apr. 25, 2008, pet. denied) (mem. op.); *Jones v. Citibank (S.D.), N.A.*, 235 S.W.3d 333, 337 (Tex. App.—Fort Worth 2007, no pet.); *Hay v. Citibank (S.D.) N.A.*, No. 14-04-01131-CV, 2006 Tex. App. LEXIS 8101, at *7-8 (Tex. App.—Houston [14th Dist.] Sept. 14, 2006, no pet.) (mem. op.). In sum, Singh has shown no abuse of discretion in the trial court's failure to exclude Ryning's affidavit and attachments.

**Citibank's account-stated claim**

Apart from his complaints with Citibank's summary-judgment evidence, Singh argues in substance that Citibank failed to meet its initial burden of conclusively establishing each element of its account-stated claim.[4] The elements of the common-law cause of action for account stated are: (1) transactions between the parties that give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties that fixes an amount due; and (3) the party to be charged makes a promise, express or implied, to pay the indebtedness. *Damron*, 2010 Tex. App. LEXIS 7054, at *12

---

[4] Relatedly, Singh complains that, despite two requests from him, the trial court did not file findings of fact and conclusions of law in support of its summary-judgment ruling. Findings of fact and conclusions of law "have no purpose" in regard to a summary judgment ruling—the issue, after all, is whether judgment should be rendered as a matter of law without an evidentiary hearing—and the trial court properly ignored Singh's requests. *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441-43 (Tex. 1997); *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994).

(citing *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 299 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Dulong*, 261 S.W.3d at 893).

Ryning's affidavit and the attached account statements reflect the following facts:

- Citibank issued Singh a credit card at his request in September 2002.

- Thereafter, Citibank mailed monthly statements to Singh showing extensions of credit, the applicable interest rate or rates, interest charges and any fees imposed, and the amount of any payments by Singh.

- Singh opened his account by making a balance transfer of $3,500, $500 below his $4,000 credit limit.

- Singh first used the account to make a purchase in November 2002.

- Beginning in October 2003, Singh obtained cash advances and made additional purchases.

- Interest was charged on these extensions of credit at varying rates, and over-limit and late fees were periodically assessed. The initial finance terms were stated on the first monthly statement and any changes were reflected on the corresponding monthly statement.

- Singh received the monthly statements, did not object to or dispute any of Citibank's charges prior to suit, and made some payments on the account, often for more than the minimum monthly payment specified on the statement.

- However, Singh began missing payments in March 2004. Citibank discontinued Singh's credit privileges in August 2004, after which he made a payment that is reflected on his September 2004 account statement. Thereafter, Citibank discontinued Singh's credit again in December 2004. Citibank notified Singh that his account was closed in January 2005.

- Citibank continued to send monthly statements to Singh until March 2005. The amount shown as due and owing on the March 2005 "final account statement" was $3,359.56.

- Subsequently, Singh made an additional $670 in payments toward the account after the final statement. Consequently, as of the time of Ryning's affidavit, Singh owed Citibank $2,689.56.

Singh did not controvert any of these facts. Instead, he complains that Citibank did not present a copy of a written contract between it and him.[5] However, no such proof was required for Citibank to prevail on its account-stated claim. Because the requisite agreement can be express or implied, Citibank was not required to adduce evidence of a written cardmember contract, but could instead present evidence of acts and conduct by the parties that give rise to an implied agreement fixing an amount due and that Singh had agreed to pay the indebtedness. *Id*.; *see also Busch*, 312 S.W.3d at 299; *Dulong*, 261 S.W.3d at 894. Such acts and conduct could include Singh's use of the card to make purchases, his making of payments on the account, and his acquiescence in Citibank's imposition of interest, fees, and charges. *Damron*, 2010 Tex. App. LEXIS 7054, at *13; *see also Busch*, 312 S.W.3d at 299-300; *Dulong*, 261 S.W.3d at 894. Citibank's summary-judgment evidence sufficed to meet its burden to conclusively establish a series of transactions between Citibank and Singh, as well as acts and conduct establishing that Citibank and Singh had an implied agreement fixing an amount due equal to the cash advances he received and the purchases he made, less payments and credits to his account, plus interest and fees, and that Singh impliedly promised to pay Citibank the amount due. *See, e.g.*, *Damron*, 2010 Tex. App. LEXIS 7054, at *13-14; *McFarland*, 293 S.W.3d at 763; *Dulong*, 261 S.W.3d at 894. The trial court properly granted summary judgment on Citibank's account-stated claim.

---

[5] Singh also couches this argument as a challenge to Citibank's "standing" and the trial court's subject-matter jurisdiction. This argument is without merit. The general test for standing in Texas courts is whether there is a justiciable controversy between the parties that will be determined by the judicial declaration sought. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Citibank's pleadings and summary-judgment evidence demonstrate that it had a justiciable interest in the controversy over Singh's debt sufficient to invoke the trial court's subject-matter jurisdiction over its claims.

**Singh's motions for "default judgment"**

Singh challenges the trial court's orders denying his motions for default judgment, which were merged into the final judgment. *See Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.). We review the denial of a motion for default judgment for abuse of discretion. *Id.* A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer*, 701 S.W.2d at 241-42.

Singh seems to complain in part that the trial court erred in refusing to render a no-answer default judgment on his third-party claims against Citibank's attorneys. However, the record reflects that these defendants each timely filed answers once Singh finally served them with process. A default judgment may not be rendered after the defendant has filed an answer, even if the answer is potentially defective. Tex. R. Civ. P. 239; *see also, e.g.*, *Sells v. Drott*, 259 S.W.3d 156, 159 (Tex. 2008) (per curiam). Beyond this, Singh seems to complain more generally that he was entitled to some sort of relief on both these third-party claims and his counterclaim against Citibank. Singh has not presented authorities that demonstrate any error by the trial court in refusing him such relief and, as we conclude below, it did not err in ultimately dismissing these claims for failure to replead after special exceptions were sustained.

**Dismissals for failure to replead**

Finally, Singh contends in substance that the trial court abused its discretion in sustaining the special exceptions of Citibank and the third-party defendants to his claims against them, erred in dismissing these claims for failure to replead, and erred in denying his "Defendant and Counter-Plaintiff's Lawful Special Exceptions to Judge's Actions Dismissing Defendant and Counter-Plaintiff's

Counterclaim and Petition for Dismissal." Citibank responds that the trial court properly dismissed Singh's claims because he failed to comply with the trial court's order granting Citibank's special exceptions.

When we review a trial court's dismissal of a cause of action after special exceptions have been sustained, we review the propriety of both the trial court's decision to sustain the special exceptions and its order dismissing the claim. *Perry v. Cohen*, 285 S.W.3d 137, 142 (Tex. App.—Austin 2009, pet. denied). We review the trial court's decision to sustain the special exceptions for an abuse of discretion. *Id.* Special exceptions are used to identify defects in a pleading—including both vagueness and the failure to state a cognizable cause of action— to allow the opposing party to cure them by amendment, if possible. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000); *Mowbray v. Avery*, 76 S.W.3d 663, 677 (Tex. App.—Corpus Christi 2002, pet. denied). The trial court has broad discretion in granting special exceptions to order more definite pleadings as a particular case may require. *Perry*, 285 S.W.3d at 142. We review de novo the trial court's legal conclusions about whether the petition states a cause of action. *Id.* If the trial court properly granted special exceptions, and the plaintiff refused or failed to amend his petition in compliance with the court's order, the trial court does not err by dismissing the cause of action. *Id.*

Singh's first "Verified Counterclaim" contained a panoply of statements and assertions referencing such concepts as his status as a "natural man" (as distinguished from the defendant, "SOHAN K. SINGH"), rights bestowed upon him by a "Prince George" of the Holy Roman Empire "as the alleged representative of God on Earth," "admiralty," Citibank's capacity to sue or defend itself in the case, the "falsity" of Citibank's claims against him,"intentional violation and commission of common law torts," "defamation of character and libel and demise without contracts," "false reporting

12

to court and fraudulent concealment of material facts," "invasion of privacy," and "malicious prosecution." Citibank responded by filing special exceptions, urging that Singh had failed to state particular facts relevant to the suit or to plead all elements of any cause of action and, more generally, that "the statements, citations, and haphazard references to legal terms are unintelligible and too vague to give [Citibank] fair notice of any claims asserted." Citibank identified specific paragraphs that it challenged as defective and pointed out with particularity the problems with each of the challenged allegations. *See* Tex. R. Civ. P. 91. We have reviewed Singh's first "Verified Counterclaim" and conclude that the trial court did not abuse its discretion in sustaining Citibank's special exceptions. As the trial court observed during the hearing on the special exceptions, Singh's petition did not state any cognizable cause of action and/or provide "any notice of what he's complaining about" in terms of factual grounds for relief. *See* Tex. R. Civ. P. 45.

Although the trial court afforded Singh fourteen days to replead, he never availed himself of that opportunity. Instead, he filed four "reissued" "Verified Counterclaims" against the third-party defendants that were substantially the same as his original pleadings. We have reviewed Singh's "reissued" pleadings and conclude that the trial court did not err in determining that Singh had failed to replead in compliance with its order. We hold that the trial court did not err in dismissing Singh's claims. *See Perry*, 285 S.W.3d at 142.

Singh also complains that the trial court denied his "Defendant and Counter-Plaintiff's Lawful Special Exceptions to Judge's Actions Dismissing Defendant and Counter-Plaintiff's Counterclaim and Petition for Dismissal." The trial court's dismissal of Singh's counterclaim was without prejudice to refiling, so, among other problems with his argument, Singh has not demonstrated

13

that any harm resulted from the trial court's denial of his "Special Exceptions to Judge's Actions." *See* Tex. R. App. P. 44.1.

## CONCLUSION

We affirm the trial court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   March 24, 2011

14